(No. 13671.—Decree affirmed.)

.MAGGIE WILTFANG *et al.* Appellees, *vs.* JOHN DIRKSEN
*et al.* Appellants.

*Opinion filed December 21, 1920.*

1. WILLS—*estate of inheritance will be construed, if possible, in first devisee.* A will will be so construed as to give an estate of inheritance to the first devisee unless there is language in the will showing a clear intention to limit or qualify the estate granted.

2. SAME—*limiting clause must be as clear as that giving the estate.* Where there is a devise of a fee with a subsequent limitation, the language of the limitation must be as clear as that of the clause giving the estate.

3. SAME—*power of disposition coupled with devise of life estate may refer only to the life estate.* An absolute power of disposition is an incident of a fee, but if a life estate is devised a declared power of disposition may be referred to the disposal of the life estate, which the devisee would have had without any such provision.

4. SAME—*when a devise of estate during widowhood does not carry fee.* A devise to the testator's wife so long as she remains his widow fixes the duration of the estate for the life of the widow subject to being terminated by re-marriage, and a provision that she is to own, use or dispose of the estate as she may elect does not enlarge the devise into a fee, although the only devise over is on condition of her re-marriage, when the estate is to go to the heirs of the testator.

5. SAME—*testator is presumed to have disposed of all his estate.* It is presumed that a testator intended to dispose of all his property and leave no part of it as intestate estate, and a court will adopt any reasonable construction of a will rather than hold that the testator intended to die intestate as to any of his property.

6. SAME—*when remainder in fee is in heirs of testator.* Under a will giving the testator's estate to his widow so long as she remains his widow and in the event of her re-marriage the estate to be divided among the testator's heirs as the law directs, the remainder in fee is in the heirs of the testator at the death of the widow, who did not re-marry.

APPEAL from the Circuit Court of Ogle county; the Hon. MAZZINI SLUSSER, Judge, presiding.

S. W. CROWELL, and JOHN S. LORD, for appellants.

HENRY A. SMITH, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

John Ehmen died on April 27, 1894, leaving Rentje Ehmen, his widow, and their three daughters, Maggie Ehmen, Annie Ehmen and· Minnie Ehmen, his heirs-at-law. He was the owner of 116 acres of land in Ogle county, and by his will, after providing for the payment of debts and funeral expenses, devised the same as follows: "After paying all such debts and funeral expenses, I hereby give and bequeath to my dear wife, Rentje Ehmen, all my real estate and personal property of every kind and nature, to have and to own, to use or to dispose of, as she may elect, so long as she may remain my widow, and then in· that event, meaning her marriage, it is my will that my estate be divided among my legal heirs as the law shall direct after her marriage." Annie Ehmen was afterward married to Fred G. Reeverts and died intestate on December 23, 1919, leaving her husband and four children her heirs-at-law. Rentje Ehmen died on March 12, 1920, leaving as her heirs-at-law two of the daughters, Maggie (now Maggie Wiltfang) and Minnie, (now Minnie Oltman,) and the heirs of Annie Reeverts, and also the heirs-at-law of her son, Enno Dirksen, born before her marriage to John Ehmen, who had died leaving John Dirksen, Carl Dirksen, Ray Dirksen, Enno Dirksen and Anna Maas, his children and ·heirs-at-law. Maggie Wiltfang and Minnie Oltman · filed their bill in the circuit court of Ogle county, making the heirs-at-law of Annie Reeverts defendants, alleging ownership of the land in the heirs-at-law of John Ehmen and praying for partition. The heirs of Enno Dirksen were not made defendants and filed their petition for leave to intervene and become defendants. Leave having been given,

they answered the original bill and filed their cross-bill, by which they alleged that Rentje Ehmen took a fee simple estate under the will of John Ehmen provided she remained his widow; that the fee was only subject to a conditional limitation in case of her re-marriage, and that she did remain his widow and at her death the land descended to her heirs. The cross-bill was answered, and a guardian *ad litem* was appointed for infant defendants in both the original and cross-bills and answered. The issue formed was whether by the will of John Ehmen his widow, Rentje Ehmen, took the fee subject only to be divested in case of her re-marriage, or took a life estate, only, with remainder to the heirs-at-law of the testator. That issue was referred to a special master in chancery, who took the evidence, and the facts above stated were proved, with the further facts that John Ehmen, Rentje Ehmen and Enno Dirksen were all born in Germany; that after John Ehmen and wife came to this country he sent money to Germany to bring Enno Dirksen and his grandmother to America, and Enno Dirksen became a member of his family and was called by John Ehmen his boy, which facts did not make him an heir-at-law of John Ehmen. The original will has been certified to this court, from which it appears that the words "meaning her marriage" were interlined in the will after the word "event."

The question raised in the case is not free from difficulty on account of the provision that the devisee was given a general authority to dispose of the property devised as she might elect, in connection with the fact that there was no express limitation to the heirs-at-law of the testator except in the event of her re-marriage and to take effect after her marriage. It is the rule to construe a will so as to give an estate of inheritance to the first devisee unless limiting or qualifying clauses show a clear intention to limit or qualify the estate granted. (*Bowen* v. *John,* 201 Ill. 292; *Becker* v. *Becker,* 206 id. 53; *Slick* v. *Brooks,*

253 id. 58.) It is also the rule that if the devise is of a fee with a subsequent limitation, the language of the limitation must be as clear as that of the clause giving the estate. (*Roberts* v. *Roberts*, 140 Ill. 345; *Kohtz* v. *Eldred*, 208 id. 60.) The language of the devise was: "To have and to own, to use or to dispose of, as she may elect, so long as she may remain my widow." An absolute power of disposition is an incident of a fee, but if a life estate is devised a declared power of disposition has often been referred to the disposal of the life estate, which the devisee would have had without any such provision. In *Boyd* v. *Strahan*, 36 Ill. 355, there was a bequest of a residuary estate to the testator's wife, to be at her own disposal and for her own proper use and benefit during her natural life, and it was contended that this right of disposal vested her with the absolute title, but the court held that the words "during her natural life" would so qualify the power of disposal as to make it mean such disposal as a tenant for life could make. In *Mulberry* v. *Mulberry*, 50 Ill. 67, there was a devise of real estate to the wife of the testator, "to hold and dispose of the same as she may see proper during her widowhood," and it was held that this language clearly limited the extent of the interest devised to a life estate. In this case the devise to Rentje Ehmen was so long as she might remain the widow of the testator, and this fixed the duration of the estate devised as an estate for life, which might be terminated by re-marriage. In *Kratz* v. *Kratz*, 189 Ill. 276, the devise was to the wife of the testator, during her widowhood, of all his lands and all his interest in real estate absolutely and unconditionally, and it was held that the words "during her widowhood" made the devise for life, only, which might be terminated by a second marriage of the widow. In *Kern* v. *Kern*, 293 Ill. 238, it was held that a devise to the testator's wife while she remained his widow was an estate for life, only, and would terminate either by marriage or the death of the

widow. The devise to Rentje Ehmen was for her life, to be terminated in case of her re-marriage, and the authority given to dispose of the estate was such as the law would give to the owner of an estate so devised.

Some importance is given by counsel to the interlineation of the words "meaning her marriage," as indicating that that was the only event upon which the estate was limited to heirs-at-law. The person who wrote the will, after defining the duration of the estate devised, continued that in that event the estate should be divided among the testator's legal heirs, and, no event having been mentioned, he interlined the words in question. As completed, the limitation to heirs-at-law was contingent only upon the re-marriage of the widow and to take effect after her marriage. If there was no disposition of the remainder after the life estate it would go to the heirs-at-law as intestate estate by descent, and a will that does merely what the law would do is ineffective and the heirs take by descent, the same as if the devise to them had been omitted from the will. (*Kellett* v. *Shepard,* 139 Ill. 433; *Darst* v. *Swearingen,* 224 id. 229.) It appears to have been the view of the chancellor that the remainder was intestate estate, since the decree so declares. It is an established rule, however, that when a will is made it will be presumed that the testator intended to dispose of all his property and leave no part of it as intestate estate, and a court will adopt any reasonable construction of a will rather than hold that a testator intended to die intestate as to any of his property. (*Eyer* v. *Williamson,* 256 Ill. 540; *DesBoeuf* v. *DesBoeuf,* 274 id. 594; *Walker* v. *Walker,* 283 id. 11.) Although the limitation to heirs was expressed only as stated, it must have been the intention of the testator that the estate should go to his legal heirs at the termination of the life estate, and it is immaterial whether the remainder went to the heirs-at-law as intestate property by descent, as appeared in the decree, or by virtue of the terms of the will. The

widow did not re-marry, and her life estate came to an
end by her death and the remainder is in the heirs-at-law
of the testator.

The decree is affirmed.  *Decree affirmed.*