(No. 14898.—Reversed and remanded.)
HARRIETTA M. PEARSON, Appellant, *vs.* OSCAR W. OLSON,
Appellee.

*Opinion filed December 19, 1923.*

WILLS—*construction of a devise to the devisee "or heirs of her body"—specific performance.* A devise to the testator's daughter "or heirs of her body" will be given its ordinary meaning that the heirs are to take only in substitution in case of a lapse of the devise by the death of the daughter before the will takes effect, and the title in fee so taken by the daughter under the will is sufficiently free from doubt to entitle her to a decree for specific performance of a contract for the sale of the land.

APPEAL from the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding.

A. A. WORSLEY, for appellant.

LINDLEY, PENWELL & LINDLEY, (WALTER C. LINDLEY, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant, Harrietta M. Pearson, filed her bill in the circuit court of Vermilion county against appellee, Oscar W. Olson, to compel the specific performance of a contract for the sale of certain real estate therein described, in Danville, Illinois, whereby appellant agreed to sell and appellee agreed to purchase the premises under a written contract set out in the bill. The bill makes the usual and necessary allegations to compel such specific performance, one of which is to the effect that appellant is seized in fee simple of the title to the real estate. The answer of appellee admits all the allegations of the bill except the specific allegation that appellant has a fee simple title to the premises, and alleges that she is only seized of an estate in fee tail,

which under our act on conveyances vests her with a life estate. He further specifically states in his answer that he is willing to accept the title if, in fact, it is a fee simple title. The cause was heard on the bill and answer and a stipulation of facts.

It is unquestioned that John Pearson, father of appellant, died seized in fee simple of the premises and that appellant claims title by devise in the will of her father. Therefore the only question before the court was as to the proper construction to be placed upon that devise in the will, which was set out *in hæc verba* in a true copy of the will filed as an exhibit to the bill, the claim of appellant being that she took by virtue of the will a fee simple title, while the appellee's claim is that she took thereby a life estate. The circuit court construed the will as devising only a life estate and dismissed the bill for want of equity, and the appeal is direct to this court.

The will was executed August 29, 1873, and the devise in question is in the following words: "I father give and bequeathe to my daughter Hattie M. Pearson or heirs of her body, lot No. 3, block No. 2, south, range No. 1, east of public square, Danville, Ills., together with the houses thereon bought of Watkins 25 Sept. 1865; also that piece of land lieing in the southeast part of McRoberts & Walker's addition to Danville (vacated by a special act of the legislature.)"

Appellant's contention is that the words in said devise "or heirs of her body" are words of substitution, and that the meaning of the testator as expressed in said clause is that Hattie M. Pearson was to take a fee simple title in case she survived her father, the testator, and that in case she was not living at the death of her father the heirs of her body were to take by substitution. Appellee contends that the proper interpretation of the will requires that we construe the word "or" to mean "and," in the same manner as if instead of the word "or" the testator had used the

word "and," and that words following the word "or" are words of limitation, and that appellant can take only a life estate under section 6 of the Conveyances act.

There are many decisions of courts in England as well as in this country holding that in devises similar to the one under consideration the devisees only took fee tails to the estates devised, and in such decisions the word "or" was construed to have the same meaning as the word "and." The decisions were otherwise in bequests of personal property. The reason for the difference in the construction of deeds and wills as to personal and real property in the eighteenth century was, that if such interpretation had not been made the devisees would have had only life estates because of the absence of proper words of limitation. This was regarded as so far from the expressed intent as to warrant the change of the word "or" to "and" where the property devised or conveyed was real estate. This rule was not followed in the case of personal property as there was no such necessity, and in bequests of personal property the word "or" was usually interpreted as having its ordinary meaning, and generally so except where the context of the will required a different construction. Under recent statutes on conveyances in England and in this and in other States of this country, the reason for the strained and unnatural interpretation aforesaid no longer exists, and under the modern decisions in England and in this State the word "or" between the name of the devisee or grantee and the words "his heirs" or "heirs of his body" is generally interpreted as having its ordinary meaning, and is generally given its ordinary meaning unless the context of the instrument shows that the intention of the grantor or devisor requires the other interpretation. That such modern rule is the law of this State and that there is no difference in the construction of the word "or" in the conveyance of personal property and of real estate is clearly established in the cases of *Ebey* v. *Adams,* 135 Ill. 80, *Straw* v. *Barnes,* 250 id.

481, and other late cases decided by this court. Judge Cartwright in his concurring opinion in the case of *Johnson* v. *Preston*, 226 Ill. 447, follows the rule laid down in the cases above cited. See, also, Kales on Estates and Future Interests, (2d ed.) secs. 170-175, inclusive.

In the devise in question the word "or" between the name of appellant and the words "heirs of her body" clearly indicates substitution in the will, and appellant took a fee simple title under section 13 of our Conveyances act. The meaning of the testator is clear that his daughter, the appellant, was to have the land in fee in case she survived him, and in case of her death before his death the heirs of her body should be substituted in her stead and take title to the land in fee. The entire will is in harmony with this construction. In the very first clause of his will the testator devises in apt language a life estate to his widow, and if it had been his intention to only convey a life estate to appellant he undoubtedly would have done so in as apt language as he used in the first part of his will in devising a life estate to his widow or would have used other language indicating that intention. He made two similar devises to his other two daughters, in which he used the identical language in referring to the devisees. This language in one instance is, "to my daughter Elizabeth M. McReynolds or heirs of her body," and in the other, "to my daughter Fannie B. Pearson or heirs of her body." In the will he directs certain lands therein described to be sold by his executors and the proceeds loaned and the interest paid annually to his grandson George T. Pearson, and in case of his death without heirs of his body the principal and interest are to be divided "equally between the following persons, Gustavus C. Pearson, Elizabeth M. McReynolds, Fannie B. Pearson, Hattie M. Pearson, or heirs of their bodies." He directed a large part of his lands which had been devised to his wife for life to be sold by his executors in case they considered it was for her best interests, and that the proceeds be in-

vested and the interest paid to her during her life, and after her death the remaining interest and the proceeds be divided "between my children, Gustavus C. Pearson, Elizabeth M. McReynolds, Fannie B. Pearson, Hattie M. Pearson, or heirs of their bodies." There was one exception as to such lands devised to the widow that might be sold by his executors, and the real estate so excepted by the provisions of the will was to go, after the death of his widow, "to my son, Gustavus C. Pearson, or heirs of his body." The testator also expresses in his will that he has done to the best of his ability and judgment equal justice to his children, as justice and right had been ruling motives through his life. He then expressed the hope that there would be neither lawsuits nor heartburnings in the division of his property, which he had acquired through industry, economy and fair dealing, and concluded with this sentence: "I leave this as my last request to my heirs, that they retain this little property which I have bequeathed them by encourageing and practicing habits of economy and by just and fair dealing and liveing in harmony with all their neighbors." The will discloses clearly the plan on the part of the testator to make an equal division of his property among his children, and in case there was a lapse as to any specific legacy that the bodily heirs of the deceased child should be substituted, so that there might be no lawsuits and that his property might be retained by his children and their descendants.

It is further contended on behalf of appellee that the title of appellant is at least subject to doubt, and that where such is the case a court of equity will not decree specific performance. There is no doubt as to the character of title that appellant has. On the other hand, it is clear under the modern decisions that she has a fee simple title to the premises in question. Appellee has expressed in his answer his willingness to accept the title if appellant has such a title. The only question therefore submitted to the lower

court was this question of title, and it is the only question that can properly be considered by this court.

For the reasons aforesaid the decree of the circuit court is reversed and the cause is remanded, with directions to enter a decree in harmony with the views herein expressed.

*Reversed and remanded, with directions.*