BLANCHE JENSEN et al. Appellants, vs. JOHN McMAHON et al. Appellees.

*Opinion filed February 16, 1927.*

1. WILLS—*intention of testator must be ascertained from language used.* The intention of a testator must be ascertained from the language used in his will, read in the light of circumstances surrounding him, and where such language is unambiguous the court must give due regard to punctuation and words and cannot resort to conjecture as to what the testator intended to express in language which he failed to use.

2. SAME—*subsequent language must be clear and unmistakable to cut down devise of fee.* Where a testator in devising property uses language sufficient to create an estate in fee simple absolute in land, such estate will pass in the absence of an expression of

a clear and unmistakable intention, in a subsequent clause, to cut down the fee to a lesser estate.

   3. SAME—*intestacy will be avoided, if possible, in construing a will.* It is a general presumption that one who makes a will intends to dispose of his entire estate by that means and not to die intestate as to any part thereof, and any reasonable construction of the will that will avoid the conclusion of intestacy as to part of the property will be adopted.

   4. SAME—*when subsequent clause is not sufficient to cut down fee.* Where a testator gives his wife, in a complete sentence of his will, all his real estate, such language is sufficient to pass a fee simple title, and the fact that in the next sentence he "also" gives and bequeaths to his wife all his personal property "for and dureing her life time" is not sufficient to cut down the devise of the fee in the real estate, as the word "also" will be given the meaning "in addition to" rather than "in like manner."

APPEAL from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding.

J. L. SPAULDING, for appellants.

CAIRO A. TRIMBLE, and PERRY D. TRIMBLE, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Patrick McMahon, a resident of Bureau county, died testate April 6, 1886, and his last will and testament was admitted to probate by the county court of that county. The will, so far as it is material in this case, is as follows:

"I give and bequeath to My beloved wife Margret McMahan all the real estate Now owend by My self at this date the Same being Situated in the town of Princeton and the town of Arispie in the County of Bureau and State of Illinois. Also I give and bequeath to My wife Margret McMahan all my personal property and effects of Every Kind and Nature whatsoever to have to use and controll the Same for and dureing her life time

"I further order and direct that My wife after My demise Shall pay the expenses of My last Sickness and funeral expences and also all Just and legal clamis against My estate at the time of My demise and I hereby revoke all former wills by Me Made."

Margaret McMahon, the widow, died in 1922. November 29, 1924, appellants, Blanche Jensen and Zoe Stage, two of the heirs of James McMahon, a son of the testator who died intestate in 1893, brought suit in the circuit court of Bureau county for the partition of the real estate owned by Patrick McMahon at the time of his death, making parties all persons who could have an interest, by descent, in such real estate had Patrick died intestate. The bill set out *in hæc verba* the will of Patrick, and alleged that thereby Margaret McMahon took only a life interest in the real estate, with remainder to Patrick's heirs. The bill alleged that two of the sons and the three daughters of Patrick lay claim of ownership to said real estate, probably through conveyance from Margaret McMahon, surviving widow of the testator, and deny that the complainants have any interest in it. The prayer of the bill was for partition among the heirs according to their respective rights to the real estate of which Patrick died seized. Demurrers filed to the bill of complaint were sustained, the bill was dismissed for want of equity, and appellants have appealed from the decree to this court.

Appellants contend that under a proper construction of the will of Patrick McMahon he bequeathed and devised his entire estate, both real and personal, to his widow, Margaret McMahon, to have, use and control the same for and during her natural life, and that the estate in remainder in all of said property, both real and personal, owned by him at the time of his death, under the terms of the will was intestate estate, and the title in remainder to the land in question vested in fee simple in the heirs-at-law of Patrick at the time of his death; that James McMahon, a son of the testator, who was living at the time of the testator's death, became seized and vested of an equal undivided one-eighth of the title in remainder to said real estate, and that at the death of James his two now living daughters, who are the complainants, became vested with an interest in

said real estate and are entitled to partition thereof as set forth and prayed for in their bill of complaint.

The intention of a testator which we are required to ascertain in construing his will must be ascertained from the language of the instrument, read in the light of the circumstances surrounding him when using it, and not an intention which by resort to conjecture we might imagine he intended to express in language but had failed to do so. While in ascertaining such intention we may sometimes elide words, disregard punctuation and read over periods, this can only be done when the language used is ambiguous, and not to render that which is unambiguous ambiguous. The words, "I give and bequeath to My beloved wife Margret McMahan all the real estate Now owend by My Self at this date the Same being Situated in the town of Princeton and the town of Arispie in the County of Bureau and State of Illinois," is a sentence complete in itself, ending with a period, and is manifestly sufficient to create an estate of fee simple absolute in Margaret McMahon in all the real estate of which the testator died seized. Where a testator in devising property uses language sufficient to create an estate in fee simple absolute in land, in the absence of an expression of a clear intention to cut down the fee to a lesser estate an estate in fee simple absolute will pass to the devisee. Where, in a will, language is used which, standing alone, is sufficient to create an estate of inheritance in the first taker, any subsequent language, in order to cut down such estate, must be clear and unmistakable. *Wiltfang* v. *Dirksen,* 295 Ill. 362; *Hempstead* v. *Hempstead,* 285 id. 448; *Sweet* v. *Arnold,* 322 id. 597.

Appellants base their contention that a life estate, only, was created in Margaret McMahon, on the use of the word "also," in the next sentence, contending that it means "in like manner," and that therefore she was only given the same estate in the real estate as that given her in the personal estate. More force might be attached to this con-

324—37

tention if the sentences had been transposed and that giving the personal property had been the first, and the gift of the real estate, preceded by the word "also," had been the second sentence. It is evident that by the use of the word "also" in the second sentence the testator did not intend to give to his wife his personal estate "in like manner" as he had given her the real estate by the first sentence, as the words in the first sentence import an absolute gift while in the second sentence he specifically describes another and different estate. It is a general presumption that one who makes a will intends to dispose of his entire estate by that means and not to die intestate as to any part thereof. Any reasonable construction of his will that would avoid the conclusion of intestacy as to part of the property should be adopted. (*Walker* v. *Walker,* 283 Ill. 11.) That the word "also," in the will, was used in the sense of "in addition" is evidenced by the use of the words, "I give and bequeath to My wife Margret McMahan," following the word "also." Had it been the testator's intention to use it with the meaning of "in like manner" there would have been no occasion to separate this paragraph into two sentences, each complete in itself, or to use the words, "I give and bequeath to My wife" a second time.

The language of the will as to the gift of real estate, standing alone, is sufficient to create an estate in fee simple absolute in Margaret McMahon, and the subsequent language is not so clear and unmistakable as to cut the estate down to a life estate.

The decree of the circuit court of Bureau county must therefore be affirmed.

*Decree affirmed.*