JAMES E. BOYS *et al.* Appellees, *vs.* HOWARD BOYS *et al.* Appellants.

*Opinion filed December 21, 1927.*

1. WILLS—*intention of testator should be ascertained, if possible.* In construing a will the first object to be attained is to ascertain, if possible, the intention of the testator manifested by the language he has used therein, and, having ascertained such intention, apply thereto the rules of law and of property to determine whether or not effect can be given to such intention.

2. SAME—*what should be considered in ascertaining testator's intention.* The testator's intention is to be gathered not from one clause of the will, alone, but from a view of the will as a whole and, of all its parts, bearing in mind the plan of the testator as expressed in the entire will and reading its language in the light of the circumstances surrounding the testator.

3. SAME—*the word "or" will be given ordinary meaning unless context shows different intention.* The word "or" between the name of a devisee and the words "his heirs" or "heirs of his body" is generally interpreted as having its ordinary meaning, and is generally given such meaning unless the context of the will shows that the intention of the testator requires that it be construed as having the meaning of "and."

4. SAME—*when a technical construction will not be allowed to defeat intention.* The rule requiring a technical construction of words and phrases, although *prima facie* the one that should prevail, will not be carried to the extent of defeating the obvious general intention of the testator, particularly where the will is drawn by a person unacquainted with the precise technical force of the legal formulas employed by him.

5. SAME—*testator is presumed to intend to dispose of all his property.* It is a general presumption that one who makes a will intends to dispose of his entire estate by that means.

6. SAME—*devisee will be given vested estate, if possible.* The law favors the vesting of estates and will adopt a construction favorable to the devisee where the will is capable of two constructions, and courts will give an estate of inheritance to the first devisee unless a contrary intention is clearly shown by limiting and qualifying clauses.

7. SAME—*heir or next of kin is favored in construing a will.* Where there is an ambiguity in a will, unless there is a manifest intention to the contrary, the presumption that the testator intended that his property should go in accordance with the laws of descent and distribution will be applied as an aid in construing the will, and such a construction will be given as favors the heirs or next of kin in preference to persons not so closely related to the testator.

8. SAME—*when first takers after life estate are given vested remainder in fee.* Where a testator gives all his property to his wife for life with remainder to his two sons, "or to the lawful heirs of each," the sons will be given a vested interest in fee simple immediately upon the testator's death, and their interest will not be held to be a base fee, depending on their survival of the life estate, where the context of the will clearly shows the testator's intention that after the life estate in his wife his estate shall go to those who would inherit in case he made no will.

APPEAL from the Circuit Court of Woodford county; the Hon. STEVENS R. BAKER, Judge, presiding.

HORACE H. BAKER, guardian *ad litem,* for appellants.

WALLACE J. BLACK, and CLYDE M. WEST, for appellees.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

March 15, 1906, Isaac Boys, a resident of Woodford county, died testate, leaving him surviving his widow, Rebecca J. Boys, and James E. and John H. Boys, his sons, as his only heirs-at-law. At the time of his death he was seized of the real estate here in question. His will was duly entered of record in the county court of Woodford county. The clauses of his will pertinent to the questions here in issue are as follows:

"*Second*—I give and bequeath all the rest of my property, both real and personal, to my beloved wife, Rebecca Jane Boys, to have and to hold during her natural life.

"*Third*—It is my will that at the death of my wife, Rebecca Jane Boys, my property shall revert to my sons, James E. Boys and John H. Boys (being the only children I have) or to the lawful heirs of each.

"It is my desire and object in making this will that my wife, Rebecca Jane Boys, shall have the use of all my property both real and personal during her natural life, and I desire should I leave any personal property at my death that she may use not only the interest but the principal also, if necessary to her comfort, and that at the death of the said Rebecca Jane Boys my real estate and any of my personal property remaining shall be inherited by sons James E. Boys and John H. Boys and the lawful heirs of each, just as if I had made no will."

John H. Boys died testate in Kansas, devising all of his property to his widow, Jean C. Boys. He left his widow and two sons, Howard and Stewart Boys, as his only heirs-at-law. Rebecca J. Boys died testate December 11, 1926. February 26, 1927, appellees, James E. Boys, individually and as executor of the last will and testament of Rebecca J. Boys, and Jean C. Boys, filed their bill in chancery in the circuit court of Woodford county, making appellants, Howard Boys and Stewart Boys, defendants, asking for a construction of the above provisions of the will of Isaac Boys. A guardian *ad litem* was appointed for the defendants, who were minors, and an answer was filed by him in their behalf. A hearing was had and a decree entered that the will be construed, and the same was construed to mean that it was the intention of the testator to devise and bequeath a life estate in all his property, both real and personal, to Rebecca J. Boys, his widow, with the right to her to use so much of the personal property as she needed for her comfort and support, with the

328—4

remainder of his property, in fee simple, to James E. and John H. Boys, and that the title to said real estate vested in fee simple in James and John at the death of their father, Isaac Boys, subject only to the life estate of Rebecca J. Boys, his widow. From that decree an appeal has been perfected to this court on behalf of appellants.

In construing a will the first object to be attained is to ascertain, if possible, the intention of the testator manifested by the language he has used therein, and, having ascertained such intention, apply thereto the rules of law and of property to determine whether or not effect can be given to such intention. (*Sweet* v. *Arnold*, 322 Ill. 597.) The testator's intention is to be gathered not from one clause of the will, alone, but from a view of the will as a whole and of all the parts, bearing in mind the plan of the testator as expressed in the entire will. *McClure* v. *McClure*, 319 Ill. 271.

It is contended by appellants that the word "or," before the words "to the lawful heirs of each," in the third clause of the will, must be construed in the disjunctive sense, and by reason thereof the words "lawful heirs of each" are words of purchase and not of limitation, and that the will created a life estate in the widow, a base fee in the testator's sons, which would become certain if they survived the life tenant, but was subject to be divested if they died before the life tenant, and with an executory devise over to the heirs of the sons so dying.

While in this State the word "or" between the name of the devisee and the words "his heirs" or "heirs of his body" is generally interpreted as having its ordinary meaning, and is generally given such meaning unless the context of the instrument shows that the intention of the devisor requires the other interpretation, (*Pearson* v. *Olson*, 310 Ill. 252,) yet where the context of the will shows that the intention of the testator was that it was to be construed as having the meaning of "and," "or" will be given such mean-

ing. (*Smith* v. *Dellitt,* 249 Ill. 113.) The rule requiring
a technical construction of words and phrases, although
*prima facie* the one that should prevail, will not be carried
to the extent of defeating the obvious general intention of
the testator, particularly where the will is drawn by a per-
son unacquainted with the precise technical force of the
legal formulas employed by him. (*Johnson* v. *Askey,* 190
Ill. 58.) In the instant case the will was written by the
testator himself, and its phraseology is evidence of the fact
that he was unskilled in the use of technical legal terms.
The intention of the testator which we are required to as-
certain in construing his will must be ascertained from the
language of the instrument read in the light of the circum-
stances surrounding him when using it, and it is a general
presumption that one who makes a will intends to dispose
of his entire estate by that means. (*Jensen* v. *McMahon,*
324 Ill. 574.) The law favors the vesting of estates, and
in cases where a will is capable of two constructions that
construction is favored which is most favorable to the devi-
see, (*Pereboom* v. *Cloyd,* 317 Ill. 85,) and courts will so
construe a will as to give an estate of inheritance to the first
devisee unless the contrary intention is clearly shown by
limiting and qualifying clauses. (*Wiltfang* v. *Dirksen,* 295
Ill. 362; *Dustin* v. *Brown,* 297 id. 499.) Where there is
an ambiguity existing in a will, unless there is a manifest
intention to the contrary, the presumption that the testator
intended that his property should go in accordance with the
laws of descent and distribution will be applied as an aid
in construing the will, and such a construction should be
given the will as favors the heirs-at-law or next of kin in
preference to persons not so closely related to the testator.
*Dollander* v. *Dhaemers,* 297 Ill. 274; *Desmarteau* v. *For-
tin,* 326 id. 608.

If the first sentence of the third clause of the will stood
alone there might be more force in appellants' contention
as to how the will should be construed. This sentence,

however, is followed by the testator's explanation of his object and desire in making his will. From this explanation it is evident that he intended by the language used in the first sentence of the clause to give to his wife a life estate in his real and personal property with remainder to those persons who would inherit the estate in case he had made no will. At the time he made his will the testator's two sons, James E. and John H. Boys, were both living. In case they both survived him they would inherit his estate in equal shares in case he made no will. He could not, of course, then know whether both or either of them would survive him. If both of the sons died before he did, then the heirs of his sons would inherit *per stirpes* in case he made no will. The testator's intention is manifested by his use of the word "inherit," which means "to take property as heir on the death of an ancestor or another." A person can only take as heir immediately on the death of the person from whom he inherits. At the time the testator made his will the presumption is that he knew that if he made no will either James or John ("or the lawful heirs of each," if they were then dead,) would inherit his property. It was therefore natural for him to use the words "or the lawful heirs of each," and the use of these words is in nowise inconsistent with his intention that the fee, subject to the life estate of the widow, should vest in the first taker immediately on his death. When testator died James and John were both living, and the court properly held that the title to the real estate in question "vested in fee simple in James E. Boys and John H. Boys at the death of their father, Isaac Boys, subject only to the life estate of his widow, Rebecca J. Boys."

The decree of the circuit court is therefore affirmed.

*Decree affirmed.*