(No. 20162.—

VIRGIL A. TRIPP, Exr., *et al.* Appellees, *vs.* SARAH CATHER-INE KRAUTH, Appellant.

*Opinion filed June 20, 1930.*

12

SCOFIELD & BELL, for appellant.

MACK & MACK, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant, Sarah Catherine Krauth, has appealed from a decree of the circuit court of Hancock county construing the last will and testament of James Major, deceased.

By the second paragraph of the will the testator bequeathed to Virgil A. Tripp $8000 in trust, the income, less expenses, to be paid to the widow, Laura Y. Major, during her lifetime, with a direction that "at the decease of my wife, it is my will that my said trustee shall pay the same to the children of my first wife now living, namely: Sarah Catherine Krauth, George W. Major and Mary Elnor Frey, share and share alike." Paragraph 4 was as follows:

"*Fourth*—All the residue and remainder of my estate of every nature and description, real, personal and mixed, which shall be left after satisfying the first three clauses of this my will, I give, devise and bequeath as follows, to-wit: The house in which I now live in West Point, Hancock county, Illinois, and the ground around the same, to my said wife named above to be used and enjoyed by her for

and during her natural life, and at her death to go the same as the residue in the hands of the trustee created by the second clause of this my will; and all said residue and remainder of my estate, real, personal and mixed, after deducting said house and grounds, I give, devise and bequeath as follows, to-wit: First, my following named children, Sarah Catherine Krauth, George W. Major and Mary Elnor Frey shall in said division be charged first each with the following amounts: Said Sarah Catherine Krauth, nothing as a charge against her; said George W. Major the sum of forty-four hundred dollars; and said Mary Elnor Frey the sum of three thouand dollars; and after making said charges against said two children last named, all said residue and remainder of my said estate, real, personal, and mixed, shall be divided among my three children last named, share and share alike; with the further proviso, however, that the amount which goes to my said daughter, Sarah Catherine Krauth, under this provision of my will shall, at her decease, go and be distributed in the same manner as is provided for the trust fund to be distributed at the decease of my said wife named in the second clause of this my will; provided also however that in said division between my said three children last named, in no event shall my said daughter, Sarah Catherine Krauth, receive less than the sum of ten thousand dollars, for and during the term of her natural life; and provided also that the provision for my said daughter, Sarah Catherine Krauth in the second clause of this my will shall at her decease go to my son, George W. Major, and my daughter, Mary Elnor Frey, share and share alike."

By the seventh paragraph the testator gave the executor power to sell the real estate, with a proviso "in no event shall he sell said real estate prior to two years after my death except by consent in writing of the three residuary devisees and legatees or the legal representatives of the two who take absolutely."

Laura Y. Major, the widow, died, and thereafter appellees, Virgil A. Tripp, executor of the last will and testament of James Major, deceased, Virgil A. Tripp, trustee under the last will and testament of James Major, and Virgil A. Tripp, Mary Elnor Frey and George W. Major, filed their bill in chancery for a construction of the will. The court construed the will and entered the decree appealed from, which provided "that the fund and legacy in said estate which comes to said Sarah Catherine Krauth under the second and fourth clauses or paragraphs of said will shall be taken by her for and during her natural life, only, and at her decease the same shall go to Mary Elnor Frey and George W. Major, share and share alike, and that during the lifetime of said Sarah Catherine Krauth said legacy or fund which goes to said Sarah Catherine Krauth under and by virtue of the second and fourth paragraphs or clauses of said will shall be held during the lifetime of said Sarah Catherine Krauth by Virgil A. Tripp as trustee, if he will accept said trust and give bond for the same, to be approved by this court and to be fixed by this court upon proper hearing, or if said Tripp shall not accept the same and so give said bond, then by any competent and proper trustee to be appointed by this court, whose bond, likewise, shall be fixed by this court and approved by this court."

The first question which arises is whether the property was bequeathed to appellant absolutely or for her lifetime, only. Manifestly, the trust created by the second paragraph terminated upon the death of the testator's wife, the object thereof having been accomplished and nothing remaining to be done except to divide the sum of $8000 into three parts and pay one-third thereof to each of the three persons named in the paragraph. Therefore, if there had been no further provisions in the will the interest of appellant in one-third of said sum would be absolute and her right to have the same paid her unquestionable. The house and

grounds at the widow's death were "to go the same as the residue in the hands of the trustee created" by the will.

By the fourth paragraph the testator gives, devises and bequeaths all of the residue and remainder of his estate, real, personal and mixed, after deducting the house and ground and the bequests in previous paragraphs, to his three children, Sarah Catherine Krauth, appellant, and George W. Major and Mary Elnor Frey, appellees, share and share alike, after making certain charges against the shares of George and Mary Elnor. If the will ended here there would be ño question but that appellant would take absolutely one-third of the residuary estate or property. It is appellant's contention that this absolute estate was not cut down to a life estate by the subsequent provisos.

In construing a will the first object to be attained is to ascertain, if possible, the intention of the testator manifested by the language he has used therein, and, having ascertained such intention, apply thereto the rules of law and of property to determine whether or not effect can be given to such intention. Where, in a will, language is used which, standing alone, is sufficient to create an estate of inheritance in the first taker, any subsequent language, in order to cut down such estate, must be clear and unmistakable. (*Jensen* v. *McMahon,* 324 Ill. 574; *Sweet* v. *Arnold,* 322 id. 597.) It is elementary that the whole will must be considered and effect given to each sentence, phrase or word, if it is possible to do so, in determining the testator's intention, and if, from a consideration of the whole will, the intention of the testator is manifested that it was intended that the estate passed by the will should be less than an estate of inheritance, it is wholly immaterial in what part of the will such intention is manifested, and while the language of the clause creating the limitation upon the estate of inheritance must be as clear as that of the clause creating the estate, if the whole will shows clearly an intention to impose a limitation upon the estate that intention will be

given effect. (*Gahan* v. *Golden,* 330 Ill. 624; *Glass* v. *Johnson,* 297 id. 149.) In the instant case a consideration of the various provisions of the will leads us to the conclusion that it was the intention of the testator that appellant should take a life estate, only, by virtue of the various provisions made for her in the second and fourth paragraphs of the will.

It is next contended by appellant that even if it be held that she has only a life estate in the property given her by the will, the court should have decreed that the money be paid over to her instead of decreeing that it be held by a trustee for her benefit. There is no provision in the will that the trustee shall retain appellant's share or appointing a new trustee to hold the same for her. That the testator knew how to create a trust is manifest, as he did create one for the benefit of his wife by the second paragraph of the will. He created no trust for appellant's share but directed that the same should be paid to her. The direction that it should be paid to her, however, did not mean that it should be paid to her without security. The decisions of this court, so far as they are applicable, enter into and become a part of every will. Where a life legacy consists of money and the will provides that it shall be paid to the life legatee, the practice prevails in courts of chancery to require security of the life legatee notwithstanding that he may be perfectly responsible and even where there is no showing that there is danger of it being wasted. *Pratt* v. *Skiff,* 289 Ill. 268.

The testator in his will not having provided that the property going to appellant by virtue of paragraphs 2 and 4 of his will should be held by a trustee for her benefit but having directed that it be paid over to her, the court erred in decreeing that it should be held in trust for her by a trustee. The decree should have provided that so far as the property coming to her by virtue of these paragraphs consisted of money it be paid to her upon her giving bond

with security to be approved by the court, if she was able to furnish such bond within a reasonable time, and made the appointment of a trustee contingent upon her inability and failure to furnish such bond.

So far as the decree of the circuit court construes the will as giving to appellant a life estate, only, in the property it is affirmed and as to the remainder it is reversed and the cause remanded to the circuit court, with directions to enter a decree in accordance with the views herein expressed.

*Affirmed in part and reversed in part and remanded.*