(No. 26845.—Reversed and remanded.)

Asa Scott *et al.*, Appellants, *vs.* Ethel Crumbaugh *et al.*, Appellees.

*Opinion filed March 16, 1943—Rehearing denied May 18, 1943.*

Arlo E. Bane, (Carter Pietsch, of counsel,) for appellants.

Shelton B. Leach, (Edward Barry, Jr., of counsel,) for appellees.

Mr. Justice Smith delivered the opinion of the court:

Katie Crumbaugh died testate on October 9, 1916. She left no child or children or descendants of a child or children, her surviving. Her husband, Simeon Crumbaugh, two sisters and certain nieces and nephews constituted her heirs-at-law. At the time of her death she was seized of

forty acres of land situated in McLean county. Her will, dated September 25, 1899, was admitted to probate by the county court of McLean county. Simeon Crumbaugh, her surviving husband, was appointed executor. The estate was fully administered and the executor was discharged.

This suit was filed by the heirs of Katie Crumbaugh against the heirs of Simeon Crumbaugh, now deceased, for the purpose of obtaining a construction of the will. Only the second paragraph is in controversy. The will was prepared on a printed form. The first and second paragraphs are as follows:

"First, I order and direct that my Execut....hereinafter named pay all my just debts and funeral expenses as soon after my decease as conveniently may be.

Second, After the payment of such funeral expenses and debts, I give, devise and bequeath to Simeon Crumbaugh My Husbman the following described Real Estate to Wit The North West quarter of the North West quarter of Section Two (2) in Town-ship Twenty One (21) North Range Four (4) East of 3rd P M Containing 40 Acers being deeded in the Name of Catherine Crumbaugh. togather with all My Personal Property and ~~togathe~~ with My Interest in My Husbmans Estate At The Death of My Husbman Simeon Crumbaugh Two Thousand Dollars of the above described property to go My Brothers and Sisters and the balance to be shared Equally betwen My Brothers & Sisters and My Husbmans Brothers & Sisters"

The court below decreed that under a proper construction of the will it was the intention of the testatrix to give to her husband the absolute title to said land and personal property, if he survived her; that since he did survive her he acquired title to the property in fee, which is now vested in his heirs, who are the appellees here. Appellees insist that by the language of the first part of the second paragraph of the will, a fee was devised to Simeon Crumbaugh and that the subsequent language was insufficient to reduce or limit the fee so devised. Appellants contend that the will devised a life estate, only, to Simeon Crumbaugh;

that the language of the will, particularly the second clause, presents a typical case of a gift in general terms, followed by language giving the property to others on the death of the first taker; that a simple rule of interpretation requires that such instrument be given effect in all its parts; that such interpretation leads to the conclusion that the husband took a life estate with a gift over to take effect as a remainder.

The law is well settled that the intention of the testator must be ascertained from a consideration of the whole will; that such construction must be adopted as will uphold all the provisions and give effect to all the language used by the testator. In doing this all repugnancies must be reconciled, if possible to do so, without adopting an unreasonable or absurd construction. (*Field* v. *Field,* 297 Ill. 379.) It is also settled that, if possible, a will must be construed as giving an estate of inheritance to the first devisee unless other limiting or qualifying language used shows clearly and unequivocally that it was the intention of the testator to limit or qualify the estate granted. (*Brittain* v. *Farrington,* 318 Ill. 474.) This court has also held that where one construction of a will renders a portion of its language meaningless and another gives effect to all the words used, the latter construction should be adopted. *Papa* v. *Papa,* 377 Ill. 316.

In the case of *Jensen* v. *McMahon,* 324 Ill. 574, this court construed a will in which the testator, in devising his property, used language sufficient to create an estate in fee simple absolute. This was followed by language which, it was contended, expressed an intention to cut down the fee to a lesser estate. It was there said, "Where, in a will, language is used which, standing alone, is sufficient to create an estate of inheritance in the first taker, any subsequent language, in order to cut down such estate must be clear and unmistakable. (*Wiltfang* v. *Dirksen,* 295 Ill. 362; *Hempstead* v. *Hempstead,* 285 Ill. 448.)" Where

there is a devise of a fee with a subsequent limitation, the language of the limitation must be as clear as the language giving the estate. *Wiltfang* v. *Dirksen,* 295 Ill. 362; *Bowen* v. *John,* 201 Ill. 292.

Applying these rules for the purpose of arriving at the intention of the testatrix, all the language used must be examined and, if possible, given effect. It is clear from the language used that the testatrix intended to give to her husband the forty acres of land described and all of her personal property. The language of the gift is as follows: "After the payment of such funeral expenses and debts, I give, devise and bequeath to Simeon Crumbaugh My Husbman the following described Real Estate [here describing 40 acres of land] togather with all My Personal Property." Had the second paragraph of the will ended here, there could be no question as to its sufficiency to give to the husband the absolute title to said real estate and personal property. (*Evans* v. *VanMeter,* 320 Ill. 195.) After making such provision, however, the testatrix added:

"and togathe with My Interest in My Husbmans Estate At The Death of My Husbman Simeon Crumbaugh Two Thousand Dollars of the above described property to go My Brothers and Sisters and the balance to be shared Equally betwen My Brothers & Sisters and My Husbmans Brothers & Sisters"

The rule that a will, if possible, will be construed as giving an estate of inheritance to the first taker, is only a rule of construction and must yield to the intention expressed by the language of the will. It cannot be applied where to do so would result in disregarding the language of the will or the intention of the testator expressed by the language used.

In the case of *Keiser* v. *Jensen,* 373 Ill. 184, it was said: "The purpose of construing a will is to ascertain, and, if possible, to give effect to the intention of the testator. In interpreting a particular provision of a will

the law authorizes and requires a consideration of the whole will, and the testator's intention will be arrived at from a consideration of all the language he has used, in whatever part of the will the language is found. (*Bender* v. *Bender,* 292 Ill. 358; *Meins* v. *Meins,* 288 Ill. 463.) Where, in a will, language is used which, standing alone, is sufficient to create an estate of inheritance in the first taker, any subsequent language, in order to cut down such estate, must be clear and unmistakable. (*Sweet* v. *Arnold,* 322 Ill. 597; *Hempstead* v. *Hempstead,* 285 Ill. 448.) If it appears from the entire language of the instrument that it was the intention to impose a limitation upon the estate, that intention will be given effect. *Gahan* v. *Golden,* 330 Ill. 624; *Tripp* v. *Krauth,* 340 Ill. 11; *Knight* v. *Gregory,* 333 Ill. 643."

In the application of the rule that subsequent language, in order to cut down the devise from an estate of inheritance to a lesser estate, the language of the limitation must be clear, any uncertainty as to the intention of the testator in the disposition of the remainder will not affect or destroy a limitation clearly imposed. In other words, if it is clear from the language of the entire will that the testator did not intend to devise to the first taker an estate of inheritance, any uncertainty as to the distribution of the remainder cannot defeat that intention. Neither can any uncertainty in the language used describing the property intended to be included in the gift of the remainder, affect the operation of the limitation on the estate granted to the first taker, if such limitation is clearly expressed.

Here the testatrix by the first part of paragraph 2 devised to her husband the property described, without any specific words to indicate whether he was to take an estate of inheritance or a lesser estate. Standing alone, it was sufficient to constitute a devise in fee. This language is followed by words plainly indicating that the testatrix had in mind that, at the death of her husband, there would be

some interest remaining in the property devised to him, to be disposed of by her will. In this connection we are only concerned with the determination of the intention expressed in the will, as to the character of the estate devised to the husband, and not with any attempted distribution of the remainder. In order to do this we must consider every part of the will. No applicable language can be ignored regardess of the position in the will where it may be found. *Keiser* v. *Jensen,* 373 Ill. 184; *Bender* v. *Bender,* 292 Ill. 358; *Meins* v. *Meins,* 288 Ill. 463.

In *Gahan* v. *Golden,* 330 Ill. 624, the language of the will was as follows: "I give, devise and bequeath all the rest, residue and remainder of my estate, both real, personal or mixed, to my beloved wife, Flora B. Golden desiring of her only that she give to Marjorie an education in music such as given Ruth. The residue of this my estate, at the death of my wife Flora B. Golden to go to my two daughters Ruth E. Gahan and Marjorie M. Golden, share and share alike."

It was held that by this language a life estate only was given to the wife with remainder over to the two daughters. It was there said: "Both sentences of the fourth clause of the will must therefore be considered as parts of the will and with equal claim upon the attention of those who shall construe the will. We are not at liberty to disregard the pen and ink clause or sentence any more than we are at liberty to disregard the first sentence of the fourth clause, unless the construction of the entire will results in a conclusion that such repugnancy exists between those two parts of the fourth clause as to make the second part or sentence void. It is elementary that the whole will must be considered and effect given to each sentence, phrase or word, if it is possible to do so, in determining the testator's intention. (*Giles* v. *Anslow,* 128 Ill. 187.)" The same rule of construction was laid down in *Knight* v. *Gregory,* 333 Ill. 643, and *Tripp* v. *Krauth,* 340 Ill. 11.

It is strenuously argued by counsel for appellees, that the words "with My Interest in My Husbmans Estate At The Death of My Husbman Simeon Crumbaugh," must be construed as limiting the devise which immediately follows; that such devise is not to be effective unless the husband should die first. In order to arrive at this construction, they would strike out the word "at" and insert in lieu thereof, the words "in the event of." This would make the above-quoted clause read, "with my interest in my husband's estate, *in the event of* the death of my husband, Simeon Crumbaugh."

In order to reach this construction, the words "prior to my decease," following the name of the husband in the clause quoted above, as reconstructed by appellees, would also have to be added. In *Stevenson* v. *Stevenson,* 285 Ill. 486, this court said: "All of the authorities are to the effect that no words can be added to or taken from the will that have the effect to vary the intent expressed by the will itself, where the doctrine prevails that wills cannot be corrected or reformed because of a mistake in the will." In *Moeller* v. *Moeller,* 281 Ill. 397, it was said that where a testator in disposing of his property overlooks a particular event, which, had it occurred to him, he would, in all probability, have provided against, the court will not supply a provision by intendment, on the presumption of what the testator naturally would have done, citing *Illinois Land and Loan Company* v. *Bonner,* 75 Ill. 315, and *Huffman* v. *Young,* 170 Ill. 290.

If the court was at liberty to add the words suggested by counsel for appellees and thereby change the language of the will, by the same license, and with equal propriety, any other words could be added, which it might be assumed the testator might or should have used. The rules of construction do not permit this. Words may only be read into a will for the purpose of carrying out the intention of the testator, clearly expressed in the language used by him.

Where such intention is not clearly expressed in the language used, no words can be added for the purpose of showing such intention. There is nothing in the words used by the testatrix in the clause under consideration, which would justify the addition of the words which appellees ask us to supply.

The words used in the second clause in enumerating the various items of property to be devised, contain an expressed intention of the testatrix to devise and bequeath three items, *viz.:* The forty acres specifically described, the personal property and "My Interest in My Husbman's Estate." These latter words were used by testatrix as descriptive of the interest she thought she had in her husband's estate and which she could dispose of by will. The fact that she had no interest in her husband's property at the time of her death does not alter the construction to be given the language used in disposing of the forty acres and the personal property. The words "At The Death of My Husbman" must mean one of two things: (a) As the fixing of a time when testatrix' interest in her husband's estate could be determined, or, (b) As an expressed intention of testatrix to limit the estate given her husband to a life estate. They cannot be construed as including both meanings. It is clear that testatrix intended to dispose of the "above described property," to her and her husband's collateral kindred. If the words "At The Death of My Husbman" are given the meaning of fixing a time when testatrix' interest in her husband's property should be determined, then the provision for the collateral kindred would be rendered meaningless. To give full force and effect to all the language employed it is necessary that the words "My Interest in My Husbman's Estate" refer to property which testatrix thought she could dispose of by will, and the words "At The Death of My Husbman" were used as a limitation upon the estate given the husband, expressly limiting it to a life estate, because she devises a remainder in "the above described property,"

which she could not do if the husband had the fee. Such construction gives meaning to all the words testatrix used, and is a reasonable interpretation of the disposition she intended to make of her property.

It follows that at the death of the testatrix, the husband took the property described in the will, both real and personal. The estate which he took, however, was limited to his life. At the death of the husband, the brothers and sisters of the testatrix, as a class, were entitled to receive from such property the sum of $2000. Whatever remained, after the payment of said sum of $2000, should be distributed, one half to her brothers and sisters and one half to his brothers and sisters, as a class. (*Condee* v. *Trout,* 379 Ill. 89.) Any other construction would render meaningless all the language of the will, except the first clause.

The decree is reversed and the cause is remanded to the circuit court of McLean county, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*