(No. 28010.—

THOMAS BARKER HUNSLEY *et al.*, Appellees, *vs.* ANNITA AULL *et al.*—(W. L. LEE, Admr., *et al.*, Appellants.)

*Opinion filed September 19, 1944.*

A. D. SITTLER, and EDWARD E. ADAMS, both of Taylorville, for appellants.

HERSHEY & BLISS, and JOHN W. COALE, both of Taylorville, for appellees.

Mr. Justice Murphy delivered the opinion of the court:

This suit was filed in the circuit court of Christian county to partition a tract of land owned by Thomas Hunsley, Sr., in his lifetime and devised by the tenth clause of his will. The claims and counterclaims of the parties raised a question as to the meaning of said clause. The decree appealed from construed it in accord with the contention of the plaintiffs. A part of the defendants perfected this appeal.

The clause in question devised a life estate in the lands therein described to Anna S. Hunsley, widow of the testator, and directed that "At the death of my said wife, Anna S. Hunsley, I give, devise and bequeath the remainder of said described real estate to my daughter, Olive J. Council, or her heirs, if she is not then surviving, to be her or their absolute property forever."

The devisee, Olive J. Council, did not survive the life tenant. She died intestate and left no lineal descendants. Her husband, William T. Council, survived her but died before the life tenant. He and her mother, brothers, sisters, and certain nephews and nieces, children of brothers who predeceased her, inherited any property she had at death.

Appellants are creditors of Olive J. Council and her husband. They obtained judgments during the lifetime of both of said Councils. They were made parties defendant under the allegation that they claimed some lien or interest in the land. Some of them filed answers. The administrator of the estate of Olive J. Council filed an answer and counterclaim.

The decree appealed from construed the tenth clause of the will as giving the widow of testator a life estate which had terminated by death and that the remainder devised to Olive J. Council was conditional upon her surviving the life tenant and since she died prior to the date of the death of the life tenant her estate took nothing and that "her

heirs" were substituted as remaindermen taking a fee-simple title.

The question is as to the meaning of the words "to my daughter Olive J. Council, or her heirs, if she is not then surviving, to be her or their absolute property forever." The rule is that the word "or" when used in a will between the name of the devisee and the words "her heirs" or "heirs of her body" is given its ordinary meaning unless there is something in the context of the will which indicates the testator used it in a different sense. (*Boys* v. *Boys,* 328 Ill. 47.) When the word "or" is given its ordinary meaning, such a clause is construed as devising the land in fee to the devisee named if she survives the event named, (in this case the death of the life tenant,) but if she does not survive such event, then the persons coming within the class as "her heirs" or "heirs of her body" will be substituted as remaindermen and take the title in fee. *Levings* v. *Wood,* 339 Ill. 11; *Pearson* v. *Olson,* 310 Ill. 252; *Straw* v. *Barnes,* 250 Ill. 481.

Appellants rely upon cases such as *Fay* v. *Fay,* 336 Ill. 299, *Boys* v. *Boys,* 328 Ill. 47; *Thomas* v. *Stoakes,* 328 Ill. 115, and *Smith* v. *Dellitt,* 249 Ill. 113. An examination of those cases discloses that there was language used in the will that indicated the testator intended the word "or" should be construed as "and" or that it should not be interpreted to give it its usual and ordinary meaning. As, for illustration, in the *Boys case,* the testator devised a life estate to the widow and then directed that after the death of the life tenant it should "revert to my sons * * * or to the lawful heirs of each" and in another clause, after explaining what he intended, the testator provided that at the death of the widow the real estate and personal property "remaining shall be inherited by sons [naming them] and the lawful heirs of each, just as if I made no will." It was held that the testator intended to devise a fee to the sons. Clearly, the language used by the testator in

the *Boys case* evidenced an intent to give his sons a fee-simple title and the word "or" was given the meaning to carry that intent into effect. There is nothing in the language used in the will in this case which will support such a conclusion. In fact, there is language which indicates that the testator intended the word "or" in its disjunctive sense. The will devised to Olive J. Council a fee-simple title, if she survived the life tenant, and if she did not, then the fee was to pass to her heirs. In providing for such contingency of survivability, the testator, by the use of the words "to be her or their absolute property forever" in effect directed that the remainder should go to her as her absolute property if she survived, and if she did not, then it should become their property, the word "their" referring to her heirs.

As an alternative, appellants contend that if it should be held that the estate of Olive J. Council had no interest in the lands and that it went to her heirs, then her husband, William T. Council, would be one of the class designated as "her heirs." No such claim was set forth in appellants' pleading and the question was not determined by the decree from which this appeal has been taken. It has long been the rule in chancery that a defendant is bound to apprise the opposite party of his claims and set them forth in his pleadings. If he does not, he is precluded from urging such defense even though it may appear to be within the evidence. (*Johnson* v. *Johnson,* 114 Ill. 611.) Nor can he urge a defense on appeal which was not presented to the trial court. (*Waller* v. *Hildebrecht,* 295 Ill. 116; *Butler* v. *Miller,* 208 Ill. 231.) Appellants' claim that William T. Council was an heir of Olive J. Council will not be considered.

The decree of the circuit court was correct and is affirmed.

*Decree affirmed.*