ANDREW L. HUNT

*v.*

HELEN E. D. HAWES.

*Opinion filed October 16, 1899.*

1. WILLS—*inconsistent clauses—when last will not prevail.* The rule that of two inconsistent clauses in a will the last prevails is applicable only where the real intention of the testator cannot be discovered, and when the two provisions are so totally inconsistent that it is impossible for both to coincide with the general intention of the testator.

2. SAME—*when restriction on power of alienation is void for repugnancy.* In a will by one clause of which an estate in land is vested in a devisee for life with power to convey the fee without qualification or limitation, a subsequent clause restricting the power of alienation is repugnant to the estate vested, and absolutely void.

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

AMZI W. STRONG, for appellant.

KIRK HAWES, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Helen E. D. Hawes, appellee, filed her bill in the court below for the specific performance of a contract made with appellant for the sale and purchase of lot 25 in Dunham's subdivision, in Cook county, Illinois. The defense was that the complainant could not comply with the terms of the contract on her part by conveying a good title. It was stipulated that the title to the lot was good in John H. Dunham, the father of appellee, at the time of his decease, and that whatever power or authority she had to sell and convey she derived under the provisions of his will. Whether or not she had such authority depends upon the construction to be placed upon the fourth and seventh clauses of that will.

By the fourth clause there is devised to Mrs. Hawes, with other property, one hundred lots in Dunham's sub-

division, the language of the will being: "In fee for and during her natural life, without impeachment for waste, with full power to occupy, possess and enjoy, with all the rents, issues and profits thereof, with the right and power also to sell and by deed grant and convey, in fee simple absolute, to her grantees, their heirs and assigns forever, and to receive and dispose of the purchase money at her sole and exclusive discretion, in like manner as if she were a *feme sole,* fifty (50) of the lots above described, which she may elect in the said town of Hyde Park, but with no power to encumber or mortgage the same except as hereinafter provided in rebuilding upon the same, with the right and power also by will to devise and dispose of the remainder, in fee simple absolute, of all the real estate above described or hereinafter described in this fourth (4) item of my will, to such devisees as she shall make by her said will, their heirs and assigns forever. But it is expressly provided that she shall have no other right or power, during her lifetime, to alien, convey, encumber or dispose of the same otherwise; but no restraint upon alienation herein contained is to prevent her leasing the same from time to time, as provided hereinafter in item seventh (7)."

Item 7 of the will is as follows: "It is my intention, by the provisions of my will, as far as possible beyond contingencies, to secure the future support of my dear children, as well as of my dear wife, in case she should survive me, and it is therefore my will that neither of my said daughters Helen Elizabeth Dunham Hawes and Mary Virginia Dunham shall have the right or power, at any time hereafter, during their lives, to alienate, release, encumber or in anywise convey away their right or title to, or property or interest in, the several lots, pieces or parcels of land severally devised to them for life, except as hereinafter specifically authorized, viz., except by way of lease. * * * And any attempt on the part of either of said daughters to alien, encumber,

convey or release their property and interest in the lots, pieces or parcels of land hereinbefore devised herein, respectively, for life, or to charge the same, by way of mortgage or any form of encumbrance, except as herein-after provided, or the demise or lease of the same for a longer period than five (5) years of improved property and eighteen (18) years of unimproved property, shall work a forfeiture of the interest, property and estate of the person violating this provision. And I do hereby expressly declare that the gifts, devises and bequests to my said daughters hereinbefore made to them, respectively, for life, are upon the express condition that they shall not attempt to alien, encumber, convey, release, mortgage, demise or in anywise encumber the property so given and devised, respectively, for life, or their interest or property therein, except as aforesaid."

Lot No. 25 is one of the one hundred devised to appellee in clause 4 of the will. Four of these lots had been previously conveyed by her to other parties, this being the fifth of the fifty which she was empowered to convey in fee simple. The superior court granted the prayer of the bill, and the defendant appeals.

It is conceded by appellant that if item 4 of the will stood alone, unrestricted by any subsequent provision of the instrument, appellee would have the right to sell and convey, in fee simple absolute, the lot in question. But it is insisted that the power contained in that clause is taken away by the seventh. And in support of the contention counsel invokes the rule, sometimes applied in the construction of wills, that if two provisions are totally irreconcilable, the last is to be taken as evidence of a subsequent intention, and shall prevail. While this rule has been followed in many cases, the principle is applicable only where the real intention of the testator cannot be discovered, and where the two provisions are so totally inconsistent that it is impossible for both to coincide with the general intention of the testator.

(*Dickison* v. *Dickison*, 138 Ill. 541.) The rule is not applicable to this will. As we shall see, if the testator intended item 7 to apply to the fifty lots, one of which is No. 25 in question, it is void. While the language, "in fee, for and during her natural life," is contradictory as to the estate intended to be conveyed, it doubtless was the purpose of the testator to give Mrs. Hawes the property during her life, and with a clearly expressed power to convey the fee. Certainly it cannot be said that the life estate vested in her without any qualification or limitation whatever, and, therefore, any subsequent clause of the will, if construed as manifesting an intention to take away from her the power of alienation, must be held ineffective, it being the established rule in this State that, both as to vested estates in fee and for life, unless there is some qualification or limitation, any restriction upon the power of alienation is repugnant to the estate vested, and absolutely void. (*Henderson* v. *Harness*, 176 Ill. 302, and authorities there cited.) Having admitted that the estate in this lot was so vested in appellee, by the fourth clause of her father's will, that she could legally convey it, and insisting that that power is taken away by the seventh item, appellant cannot escape the application of this rule, and practically, under the law, admits that the latter item can have no application to the question to be decided. In other words, if the testator intended the restriction to apply to this lot it is absolutely void; if he did not so intend, there is no restriction, legal or illegal, as to it. Whether or not that restriction is valid as to the lots devised for life with a qualification or intention, if there is any such, we are not now called upon to decide.

There is no language in testator's will which indicates an intention that the appellee should be compelled to select at one time the whole number of fifty lots which she is empowered to convey in fee simple absolute.

Perceiving no error in the decree rendered by the superior court it is therefore affirmed.          *Decree affirmed.*