(No. 13044.—Reversed and remanded.)

JESSIE SHERIDAN, Appellee, *vs.* EMILY T. BLUME *et al.* Appellants.

*Opinion filed December 17, 1919.*

1. WILLS—*when rule that the last clause should prevail over prior inconsistent clause does not apply.* The rule that where there are two inconsistent clauses in a will the last one shall prevail is only applicable where the real intention of the testator cannot be discovered and where the two clauses are so inconsistent that they cannot both coincide with the general intention of the testator.

2. SAME—*law favors vesting of estates.* The law favors the vesting of estates, and where a will is susceptible of two constructions the law is inclined to adopt the construction most favorable to the devisee rather than the construction which would be against his interest.

3. SAME—*when the devisees take a vested interest at majority.* Where a certain portion of the estate of the testatrix is devised in trust, share and share alike, for the children of a living daughter who are living when the youngest shall have attained majority, it being the declared intention of the testatrix that such portion shall go to the children of the daughter who attain their majority, each child upon attaining majority has a vested equitable interest in his share, subject to its being increased in case any of the other children die during minority or to its being decreased in case other children are born to such daughter and attain their majority.

4. TRUSTS—*when a trustee is not bound to hold accumulations.* Though the *corpus* of a trust estate must be kept invested until the death of the mother of the beneficiaries and until the youngest of them shall attain majority, the trustee is not bound to hold accumulations but may pay over to each child attaining majority its share of the income, and if other children are born to their mother and attain majority, the shares of the income to which they may be entitled may be paid out of the *corpus* of the estate.

5. PARTITION—*when a trust fund takes the place of interest in land.* In a proceeding to partition land, where a one-fifth interest therein has been devised to such of the children of a certain living daughter as shall attain their majority, the interest of such beneficiaries in the land itself ceases at the sale and is transferred to their share of the fund realized from the sale, and, under the doctrine of representation, after-born children of the daughter will be bound by the partition proceeding.

APPEAL from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

WILLIAM B. JARVIS, for appellants.

DAY & GUENTHER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee, Jessie Sheridan, filed a bill in the circuit court of Cook county for the partition of certain real estate devised by the will of her mother. The decision required the construction of said will. After the pleadings were settled the circuit court construed the will and ordered partition of the real estate in a certain manner, whereupon the appellants appealed to this court.

The principal if not the sole question to be decided is the proper construction of the will of Mrs. Anna Pochmann. Mrs. Pochmann died testate April 7, 1916. Her will was duly probated, disposing of all her estate, including the real estate here sought to be partitioned. The third paragraph of the will is the only portion that requires construction. The will first provides for the payment of debts and a money legacy, which is not involved here, and for the appointment of an executrix and trustee. The clause in question reads:

"*Third*—Subject to the foregoing two paragraphs, I direct that all of the residue of my estate, real, personal and mixed, of which I may die seized, possessed or entitled, be divided into five equal parts, share and share alike; and I give, devise and bequeath one of such parts to my daughter Jessie Sheridan, one of such parts to my daughter Emily T. Blume, one of such parts to my daughter Laura Hedemark and one of such parts to my daughter Meta Pochmann, each to have and to hold the same to them and their respective heirs and assigns forever; and the remaining one of such parts I give, devise and bequeath in equal parts, share and share alike, unto the children of my daughter

Annie Bell that are living, when the youngest living thereof shall have attained his or her majority, each to have and to hold the same to them and their respective heirs and assigns forever,—the part mentioned in this sentence to be held in trust by my hereinafter named executrix until the youngest living child of said Annie Bell shall have reached his or her majority, it being my intention that the part of my estate which would otherwise go to my daughter Annie Bell shall go to such of her children as attain their majority."

Mrs. Pochmann left her surviving her five daughters, Jessie Sheridan, Emily T. Blume, Laura Hedemark, Meta Pochmann and Annie Bell, and also Russell Davy, only child of a deceased daughter. Mrs. Pochmann at her death was sixty-nine years of age. Her will was executed November 9, 1913. At the date the will was executed and at the death of testatrix there were born and surviving the following children of her daughter Annie Bell: Roy S. Bell, twenty-five years old at the time of hearing in the trial court; Allen C. Bell, then twenty-three years of age; Grace M. Bell, thirteen years, and Frank P. Bell, eleven years. The cause was referred to a master in chancery, who construed the third paragraph with reference to the interests of Mrs. Bell's children that they were not vested with any interest until the youngest reached majority. On a hearing in the circuit court a decree was entered, which found, among other things, that it was the intention of the testatrix by said will "to devise a one-fifth interest of the residue of her estate in trust for such of the children of said defendant, Annie Bell, as were living when all the living children should have attained their majority; that therefore the interests of the children of Annie Bell in and to such one-fifth interest cannot be determined until such time after the death of said defendant, Annie Bell, as all her living children shall have attained legal age."

The portion of the will relating to the share going to the children of Mrs. Bell contains two statements that may not

be considered in entire harmony as to the disposition of
the property. In the first part of the third clause it is stated
that the share in question shall go to the children of Annie
Bell "that are living, when the youngest living thereof shall
have attained his or her majority," and at the end of the
third clause it is stated, "it being my intention that the part
of my estate which would otherwise go to my daughter An-
nie Bell shall go to such of her children as attain their ma-
jority." It is argued that the last clause of the will, if there
is any inconsistency, should have the greater weight in con-
struing the will. The rule that where there are inconsistent
clauses in a will the last prevails is only applicable when the
real intention of the testator cannot be discovered and where
the two provisions are so utterly inconsistent that it is im-
possible for both to coincide with the general intention of
the testator. (*Hunt* v. *Hawes,* 181 Ill. 343.) The usual
rule, however, is that the intention of the testator is to be
gathered, not from one clause of the will alone but from a
view of the whole will and all its parts, or that such con-
struction shall be adopted, if it can be reasonably found, as
to give force and effect to every word and clause in the will.
(*Morrison* v. *Schorr,* 197 Ill. 554.) We think the inten-
tion of the testatrix, as shown by the entire will, clearly
indicates that the one-fifth portion of the estate which, if
the general scheme had been followed out, would have gone
to the mother, Annie Bell, will, under the will as drawn,
go to such of her children as reach their majority.

The law favors the vesting of estates, and in cases where
the instrument is susceptible of two constructions the law
is inclined to favor the construction most favorable to the
devisee rather than the construction that would be against
his interest. (*Mettler* v. *Warner,* 243 Ill. 600; see, also,
*Armstrong* v. *Barber,* 239 Ill. 389.) Subject to certain
other provisions which will be referred to later, each of
the children of Annie Bell will take a vested interest in his
or her share upon reaching the age of majority,—that is,

eighteen years if a daughter and twenty-one years if a son. After reaching that age, as their share is then vested, it would pass upon the death of such devisee, the same as other property. Up to the time of reaching the age of majority the interest of each of Annie Bell's children is contingent upon their reaching that age, and if they die before reaching majority their share is to be divided. among their surviving brothers and sisters, this added portion being subject to the same rules, as to vesting or contingency, as the original portion. There being a possibility of more children being born to Annie Bell, it cannot be told until her death who will be entitled, finally, to a possible share, hence the share of each of her children already born, so long as contingent, is subject to the further contingency of being decreased *pro tanto* to raise the portion for such after-born child, and the shares of those that have vested are thereafter subject to be opened up to that extent to contribute their part of such share for an after-born child.

The third clause of the will further provides that "the part mentioned in this sentence to be held in trust by my hereinafter named executrix until the youngest living child of said Annie Bell shall have reached his or her majority," hence the shares above mentioned, whether contingent or vested, are not to pass at once into the possession of the various devisees. Until after the death of the mother, Annie Bell, and until the youngest living child has reached majority, each devisee, on becoming of age, becomes vested only with an equitable interest. Until the time mentioned, such interests are to be held by the person named as executrix, as a trustee. Said trustee should keep the funds properly invested, and may pay over, from time to time, the proper part of the income to the beneficiaries who have become vested with their equitable interests on account of their reaching majority, and at the death of Annie Bell, and when the youngest living child has attained majority, the trustee should distribute the fund among those entitled to the vari-

ous shares. This is a partition proceeding, and hence the fund in question to be held by the trustee will consist of the share in the proceeds of sale of the real estate paid over by the master in chancery. Under the doctrine of representation, the after-born children of Annie Bell, if any, will be bound by these proceedings, and their interest in the real estate sold by the master in chancery will cease and in its place will be substituted the right to participate in the fund held by said trustee. *Dole* v. *Shaw*, 282 Ill. 642; *Gavin* v. *Curtin*, 171 id. 640.

It is further suggested by counsel for appellants that if the will is construed to the effect that the property must be held by the trustee until the death of Annie Bell it will be contrary to section 155, chapter 30, of the statute concerning restraining accumulations in conveyances. We are of the opinion that the trustee may properly divide and pay over the income, from time to time, of the shares belonging to those children of Annie Bell who have become of age. The only reason for withholding the portion of the income going to the children who are still minors is, that their interest may be defeated by their death before reaching majority. This distribution should take place along the lines commonly followed by trustees where there is no specified direction in the instrument creating the trust. As to the share of any after-born child who might reach majority more than twenty-one years after the death of the testatrix, we think this is fully covered by the portion of that statute already referred to which reads, "or for any longer than during the minority * * * of any person * * * who, under the uses or trusts of the * * * will, * * * would, for the time being, if of full age, be entitled unto the rents, issues and profits * * * so directed to be accumulated." As to any part of the income earned before the birth of an after-born child and paid out to the adult children, we deem it unnecessary to consider and decide at the present time just on what conditions or terms said part

290—33

should be refunded, if at all, to such after-born child. That matter may be adjusted from the *corpus* of the trust fund at the proper time.

It is suggested that the wording of the will confines the distribution to the children of Annie Bell that are living at the death of the testatrix. We cannot so hold. The testatrix had in mind that the youngest child might die before reaching the age of majority, and then, if Annie Bell were dead, it would not be necessary to wait until such youngest child would have reached the age of majority had he or she survived, but the distribution would take place when all the children of Annie Bell that lived to reach the age of majority had reached that age, provided their mother had died so that it was possible to know that there would be no more children.

The decree of the circuit court should be so modified as to provide for the distribution of the share going to Annie Bell's children according to the rules above stated and entered with such modifications.

*Reversed and remanded, with directions.*