(No. 14300.—Decree affirmed.)

OSCAR E. TOMLIN, Appellee, *vs.* EVA TOMLIN LAWS *et al.*—
(LYDIA BERNICE LAWS *et al.* Appellants.)

*Opinion filed February 22, 1922.*

1. DESCENT—*child en ventre sa mere is capable of taking by descent.* A child *en ventre sa mere* is deemed to be living at the time of the death of an intestate for the purpose of taking from him by descent.

2. WILLS—*devise of a fee to child en ventre sa mere creates vested interest.* A devise of a fee to a child *en ventre sa mere* vests the fee to the land in such unborn child subject to being divested if the child be not born alive or is born in such an early stage of gestation as to be incapable of living, but if it is born alive the fee becomes absolute.

3. SAME—*a devise over in case of death of devisee ordinarily means death during life of testator.* Where by the language of a will an estate is devised to one person and in case of his death to another, the contingency of "his death" refers to death during the lifetime of the testator, in the absence of other words of the will showing a different intention.

4. SAME—*construction of devise over in case of death of devisee en ventre sa mere.* Where a testator makes a devise to his child *en ventre sa mere,* with a provision that "in the advent of the death of my child, as yet unborn," the property shall go to the testator's wife and at her death to collateral heirs, the testator will be regarded as meaning the death of the child before his own death, even though he was then suffering from a fatal injury, from which he died within a few weeks after the will was made, there being nothing in the will to indicate a different meaning.

5. SAME—*if intent of testator is clearly expressed, extrinsic evidence is not admissible.* In the absence of ambiguity arising from the language of the will itself, extrinsic evidence is not admissible for the purpose of varying the intent of the testator as expressed in the will.

6. SAME—*first taker will be construed to take the fee, if possible.* In doubtful cases the law favors that construction of a will which will give the first taker a fee simple.

APPEAL from the Circuit Court of Mason county; the Hon. GUY R. WILLIAMS, Judge, presiding.

LYMAN LACEY, JR., guardian *ad litem,* for appellants.

NORTRUP & NORTRUP, for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

This is a bill to construe a will. Oscar Tomlin, a farmer residing in Mason county, met with an accident in which his back was broken. While his mind was clear his body was paralyzed from his neck down. His seventh vertebra was broken and the spinal column severed. He requested the attending physician to prepare his will for him. The will was dated June 23, 1917, and the evidence shows that this was about three or four weeks before his death. At the time of the making of the will, and at his death, he owned two farms in Mason county,—one of 127 acres and one of 120 acres,—subject to two certain trust deeds to secure the re-payment of loans amounting to $15,000. After first providing that his just debts and funeral expenses be paid and bequeathing his personal property to his wife, Ethel McCoy Tomlin, the third clause of the will provides:

*"Thirdly*—I give and bequeath to my child, as yet unborn, allowing my wife all her legal dower rights, all my real estate, [describing the same,] and in the advent of the death of my child, as yet unborn, I give and bequeath to my wife all the aforementioned real estate, to be hers lifetime, and at her death the aforementioned real estate shall be equally divided, one-half to go to my brothers and sisters or their heirs, and one-half to her brothers and sisters or their heirs, each to receive share and share alike."

The record in the case shows that the testator at the time he made the will had no children but that he knew his wife was pregnant and would soon give birth to a child. On the 23d day of September following the making of the will, appellee, Oscar E. Tomlin, son of the testator, was born. His bill prays that dower and homestead may be

set off to the mother and that the last will and testament of the deceased be construed as vesting a fee simple title in him, subject only to his mother's homestead and dower interests and the liens of the two trust deeds. All of the brothers and sisters of the testator and of the testator's widow and their children were made parties defendant. Lyman Lacey, Jr., attorney at law, was appointed guardian *ad litem* for all infant defendants and filed a formal answer. The other defendants were defaulted. The circuit court found and decreed that "the true intent and meaning of the last will and testament of Oscar Tomlin, deceased, was to give and devise to his posthumous son, Oscar E. Tomlin, a fee simple interest in the land in question, subject to the dower and homestead interests of said widow and subject to the liens of said two trust deeds." The minor defendants, by their guardian *ad litem,* have appealed.

The sole question in controversy is the character of estate devised to appellee, then unborn. The construction of the will has for its purpose a determination of the intention of the testator concerning the time when the death of the posthumous child was contemplated, as forming the contingency upon which the gift over was to take effect. There are four possible periods to be considered,—that is, death during the life of the testator, death at the birth of the devisee or before, and death during the life of the widow or death at any time.

A child *en ventre sa mere* is capable of taking a legacy or devise. The only requisite for such child taking in the same manner as other children is that it shall be afterwards born. If it be born dead, or in such an early stage of gestation as to be incapable of living, it is as if it had never been born or conceived. (Blackstone's Com. 130; Leake on Property and Land,—2d ed.—265; 2 Parjes C. R. 35.) At common law a child *en ventre sa mere* is deemed to be living at the time of the death of an intestate for the purpose of taking from him by descent. (2 Tiffany on Real

Prop.—2d ed.—sec. 496.) This common law rule is the rule in this State. (*Barr* v. *Gardner,* 259 Ill. 256.) A devise to the unborn child of a testator vests the fee to the land in such unborn child subject to being divested if it be not born alive, but if so born alive the fee becomes absolute.

It is a well settled rule of construction of wills, that when by the language of the will an estate is devised to one person and in case of his death to another, the contingency "his death" refers to death during the lifetime of the testator, in the absence of other words of the will showing a different intention. (*Carpenter* v. *Sangamon Trust Co.* 229 Ill. 486; *Kolb* v. *Landes,* 277 id. 440.) There appears to be no language in this will showing a different intention on the part of the testator. He could not have contemplated death at any time, for the reason that there is a devise over to the widow for life and on her death to the brothers and sisters of both. There is no language which expressly or impliedly declares it to be the intention of the testator that the entire period of the widow's life shall be taken as the period in which death should occur. He must, therefore, by all the language of the will have contemplated death prior to his own death or death at or prior to birth of such child. The will does not contain language expressly referring to death at or prior to birth of such unborn child. There is no language in it to take it out of the rule of construction referred to, and under such rule the testator must be held to have contemplated death of the child before his own death.

It is urged that in this case the testator could not have had in mind death of the unborn child before his own death, for the reason that the severity of his injury and the knowledge on his part that he could live but a short time precluded the possibility of his intending that "death of said unborn child" should mean death before the death of the testator. It is a well established rule relating to the construction of wills, that in the absence of ambiguity arising

in the language of the will itself extrinsic evidence is never admissible for the purpose of varying the intent of the testator as expressed in the will. (*Stevenson* v. *Stevenson,* 285 Ill. 486; *Alford* v. *Bennett,* 279 id. 375; *Clancy* v. *Clancy,* 250 id. 297; *Graves* v. *Rose,* 246 id. 76; *Starkweather* v. *American Bible Society,* 72 id. 50.) Under the language of this will and the rules of construction applicable thereto, it cannot be said that there is such an ambiguity as would make competent extrinsic evidence to show the intention of the testator to have been different from that indicated by the language itself. Under these rules of construction it must be held that the testator intended by his will that death of said child should mean death before his own death. The facts that the testator was injured and the child was unborn do not change the application of the rule. Moreover, if it were to be held that such ambiguity existed as to render extrinsic evidence competent to show the intention of the testator, we are of the opinion that the most reasonable construction of the will as to such intention would in that case be, that if his posthumous child should be born alive it should take the fee to the property absolutely. The rule is that in doubtful cases the law favors that construction which will give the first taker a fee simple. *Sheridan* v. *Blume,* 290 Ill. 508; *Williamson* v. *Carnes,* 284 id. 521; *Mills* v. *Teel,* 245 id. 483.

We are of the opinion that the fee absolute vested in appellee at his birth, subject to the homestead and dower rights of the widow and the liens of the trust deeds, and that the circuit court was right in so decreeing.

The decree will be affirmed.            *Decree affirmed.*