(No. 2281—

CLEETA ELLIOTT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 11, 1934.*

MILLER, ELLIOTT & WESTERVELT, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Under a stipulation of facts filed herein, it appears that the claimant is a resident of Chillicothe, Illinois, and is the widow of Joseph Merritte Elliott, deceased; that the latter was employed by the State Department of Public Works and Buildings, Division of Highways, as a State highway patrolman on Route No. 29; that on October 20, 1933, while riding

in an automobile owned by the State of Illinois and driven by Herman J. Rohman, also a State highway patrolman, he sustained fatal injuries caused by the car skidding into a culvert and turning over on the wet pavement on State Highway Route No. 24, five miles south of Pekin, Illinois; that at the time of the accident he was engaged in the performance of his duties as highway patrolman, acting under orders of his superior officer, Sergeant Mollohon. At the time of his death, Joseph Merritte Elliott left surviving his widow, Cleeta Elliott, claimant herein, and an unborn child as sole and only heirs at law; said child was born on the 4th day of February, 1934, and is now living and is named Joseph Merritte Elliott; that the claimant and said deceased were living together as husband and wife at the time of his death, and that he was her sole support, and that his average annual earnings, at the time of his death, were in excess of $1,000.00 per year, with a monthly salary of $150.00. That the claim is filed under the provisions of the Workmen's Compensation Act of Illinois, and pursuant to the provisions of Paragraph 6, Section 6, of the Court of Claims Act.

Claim is made on behalf of claimant as the surviving widow for $4,000.00, and for an additional $450.00 by reason of the child, Joseph Merritte Elliott. The validity of the claim for $4,000.00 is conceded by the Attorney General's office, and the only question is as to the granting of an award for the benefit of the child who was unborn at the time of the death of its father. Cahill's Revised Statute on Descent, Section 9, Chapter 39, provides as follows:

"A posthumous child of an intestate shall receive its just proportion of its ancestor's estate in all respects, as if it had been born in the lifetime of the father.

"At common law, a child *en ventre sa mere* is deemed to be living at the time of the death of an intestate for the purpose of inheritance by descent."

*Tomlin* vs. *Laws*, 301 Ill. 616.

The citations of claimant support the doctrine that a child *en ventre sa mere* at the time of the father's death is deemed to have been born so far as it is for the benefit of such child, and that it will be entitled to claim for compensation as a legal dependent. Had the deceased lived, the child would have been able to look to him for its natural support, and the

court is of the opinion that such child should be regarded as *in esse.*

We therefore find that under the provisions of the Compensation Act, the claimant, Cleeta Elliott, is entitled to an award of Four Thousand Dollars ($4,000.00), for herself, and the sum of $450.00 for the support of the minor child, Joseph Merritte Elliott, all payable in weekly installments of Fifteen Dollars ($15.00), commencing on the 21st day of October, A. D. 1933.

Payment by the respondent in weekly installments, however, is not practicable under existing laws and the respective awards will therefore be commuted to an equivalent lump sum in accordance with Section 9 of the Workmen's Compensation Act.

As we compute it, the amount due the claimant, Cleeta Elliott, after commutation to an equivalent lump sum as aforesaid, is Thirty-eight Hundred Forty-seven Dollars and Twenty-five Cents ($3,847.25), and the amount due for the support of said minor child, Joseph Merritte Elliott, after commutation to an equivalent lump sum as aforesaid, is Four Hundred Thirty-two Dollars and Eighty-one Cents ($432.81).

It is Therefore Hereby Ordered that an award be and the same is hereby entered in favor of the claimant, Cleeta Elliott, for herself and said child as above stated in the total sum of $4,280.06.