Faith Ives Cravens et al., Appellees, v. Clarence S. Haas, Conservator, et al., Defendants. Clarence S. Haas, Conservator, et al., Appellants.

Gen. No. 41,649.

Opinion filed April 20, 1943.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, for certain appellants.

OSBORNE, KLINE & McGURREN, of Chicago, for certain other appellants; WILSON L. KLINE, of Chicago, of counsel.

BRADBURN & DAMMANN, of Chicago, for cross appellant.

DIXON, DEVINE, BRACKEN & DIXON, of Dixon, and M. B. KENNEDY, of Chicago, for appellees.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

Henry A. Mix died September 22, 1935. This is a suit to construe his last will and testament, which was executed August 30, 1935. Plaintiffs, Faith Ives Cravens, Isabelle Ives Canfield (formerly Isabelle Ives Jewett), Charles Ives, George Ives, Jr., and William Ives, a minor, by George Ives, his guardian, are the children of testator's sister, Sarah Ives, who died April 8, 1932, which was more than three years prior to the execution of the testator's last will. Under this will plaintiffs were specific legatees of $2,000 apiece. In this proceeding for construction of the will plaintiffs sought the allowance to themselves as a class of one half of a trust estate established by said will and the decree of the trial court granted such allowance.

The defendants are:

1. Clarence S. Haas, conservator of the estate of May M. Jackman, the only surviving sister of the testator. She was adjudicated incompetent in 1938, more than two years after testator's death.

2. C. Houlton Jackman and Margaret Jackman Borland, the two children of May M. Jackman. Their

rights are entirely dependent upon the rights of Haas, conservator.

3. Florine Mix, wife of testator, who was executrix of the will and cotrustee of the testamentary trust. She renounced under the will.

4. First National Bank of Chicago, cotrustee of the testamentary trust.

5. George W. Dammann, whom the court appointed trustee for persons not in being.

The value of the trust estate was $241,533.16 when the decree was entered and the following allowances for attorneys' fees and expenses were made to the respective parties, payable from said trust estate:

| Party | Fees | Expenses |
|-------|------|----------|
| Plaintiffs | $20,000.00 | $221.65 |
| Haas | 10,000.00 | 336.93 |
| Jackman children | 200.00 | |
| Cotrustees | 7,000.00 | 256.15 |
| Dammann | 1,200.00 | 4.35 |
| | $38,400.00 | $819.08 |

Defendants, Clarence S. Haas, conservator of the estate of May M. Jackman, incompetent, and C. Houlton Jackman and Margaret Jackman Borland, children of said May M. Jackman (hereinafter for convenience sometimes referred to collectively as appellants) appeal particularly from those portions of the decree which found "that said last will and testament is ambiguous and should be construed"; which found that plaintiffs, the children of Sarah Ives, deceased sister of testator, are entitled to receive one half of the trust estate and which ordered that said trust estate be divided as follows: "One-half part to Clarence S. Haas, as Conservator of May M. Jackman, incompetent, and the remaining one-half part to be divided equally among Faith Ives Cravens, Isabelle Ives Canfield, formerly Isabelle Ives Jewett, Charles

Ives, George Ives, Jr., and George Ives, guardian of William Ives, a minor''; and which found that plaintiffs were entitled to receive $20,000 as attorneys' fees and $221.65 for expenses and costs advanced by them and ordered that said amounts be paid out of the trust estate.

The cotrustees' appeal questions those portions of the decree which ordered the acceleration of the distribution of the trust estate and which ordered the allowance of attorneys' fees and expenses to plaintiffs and to appellants.

George W. Dammann, trustee for persons not in being, filed a cross-appeal questioning that part of the decree which ordered the acceleration of the distribution of the trust estate.

Plaintiffs filed separate cross-appeals in which they question the attorneys' fees allowed under the decree to appellants and to the cotrustees.

The cotrustees and Dammann assert in their brief that, regardless of the renunciation of the will by Florine Mix, widow of the testator, the trial court erred in decreeing acceleration of the distribution of the trust estate and that said distribution should not be made until after the death of Florine Mix. It is unnecessary to determine the question concerning the acceleration of the distribution of the trust estate since Florine Mix died October 23, 1942 and her death was suggested of record October 28, 1942.

Plaintiffs' amended complaint consists of two counts, the second of which was abandoned upon the trial. The first count contained the following material allegations:

''That after certain specific bequests, set out in paragraphs numbered IV, V and VI of said Last Will and Testament . . ., and also after certain specific bequests to his widow, Florine Mix, set out in paragraphs II and III of said Last Will and Testament, which said specific bequests in paragraphs II and III

were renounced by said Florine Mix, the said Henry A. Mix, deceased, gave, devised and bequeathed unto said Florine Mix and The First National Bank of Chicago, a corporation, successor in trust to First Union Trust and Savings Bank as trustees, all of the rest and residue of his estate, real, personal and mixed, wherever situated, which remained after the payment of his debts, inheritance and estate taxes, for the uses and purposes therein more fully set forth.

"That said Last Will and Testament provided in subparagraphs (6), (7) and (8) of paragraph VII of said Last Will and Testament:" [Here follow said subparagraphs which the trial court was asked to construe and which will be hereinafter set forth.]

"That it is the contention of the plaintiffs herein that upon the renunciation of said Last Will and Testament of Henry A. Mix by Florine Mix, the widow of the said Henry A. Mix, deceased, the plaintiffs were entitled as a class to have an undivided one-half (½) interest in and to all the assets of the trust established and created by Paragraph VII of said Last Will and Testament of Henry A. Mix, presently distributable to them.

"That the plaintiffs contend that they are entitled to an undivided one-half (½) interest in and to all the assets, income and accretions thereto, belonging to the trust created by Paragraph VII of said Last Will and Testament, pursuant to the terms and provisions of Sub-paragraph (8) of Paragraph VII thereof; and that their interest in said trust so created is presently distributable to them; that the above questions and contentions arise out of a difference of opinion as to the construction and true meaning of the various clauses of said Last Will and Testament above referred to, which can only be properly determined by decree of this Court . . . .

"That the said Henry A. Mix, deceased, was a highly intelligent, able and successful business man; that he

was a man of strong will and dominating personality; that said Last Will and Testament of Henry A. Mix, deceased, as admitted to probate was a redraft of a former will redrafted and compiled under the direction and supervision of the said Henry A. Mix, deceased, by incorporating therein and by recopying and using actual pages of a former will which was in due form and which is attached hereto and made a part hereof; that said Last Will and Testament, as admitted to probate, was drafted and executed in the manner hereinabove alleged after the death of the testator's deceased sister, Sarah Ives, also known as Sada Ives, who was the mother of these plaintiffs, with the intention of preserving for them the interest their mother would have taken in said trust estate.

"That said Last Will and Testament of Henry A. Mix, deceased, is ambiguous, equivocal and confusing in the manner and form hereinabove stated and cannot be executed without the aid and advice of a Court of Equity and that the Court should allow to these plaintiffs a reasonable attorneys' fee and other proper expenditures made by them for filing the complaint and amended complaint herein and for all other services that it is necessary for them to perform on behalf of the plaintiffs and the estate of Henry A. Mix, deceased."

Both the last will and the former will of the testator were attached to and made part of plaintiffs' amended complaint.

In their answer to the amended complaint appellants denied that testator's last will was ambiguous and that it required construction; that plaintiffs were entitled to receive any part of the trust estate; or that they should be allowed attorneys' fees or expenses, payable out of the trust estate.

The theory of appellants as stated in their brief is in part as follows:

"First, that subparagraph (6), reading as follows:

" '(6) The entire net income from the trust estate commencing at the time of my death, shall be paid to my wife, Florine Mix, in quarterly installments during her lifetime. Upon the death of my said wife, the surviving Trustee shall convey, transfer and assign said trust estate to my sister, May M. Jackman, and the trust hereby created shall thereupon cease and determine.'

ompletely disposes of the entire trust to May M. Jackman; that subparagraph (6) is the only provision in he will which makes specific disposition of the trust nd is therefore conclusive; that the deceased Sarah s is not mentioned in the will at all, and that her dren, the plaintiffs, are only mentioned as specific atees of $2,000 apiece;

'Second, that subparagraphs (7) and (8), on which aintiffs rely, taken verbatim from the previous will, eading as follows:

" '(7) In the event that either of my said sisters shall have predeceased my said wife, leaving no issue, the surviving Trustee shall convey, transfer and assign said trust estate to my surviving sister, and the trust hereby created shall thereupon cease and determine.

" '(8) In the event that my said sisters or either of them, shall predecease my said wife, leaving issue surviving, the surviving Trustee shall convey, transfer and assign the share of such deceased sister or sisters in said trust estate among her descendants, per stirpes and not per capita. . . .'

are inoperative because of the explicit terms of subparagraph (6); but, in any event, when construed strictly and grammatically, they make no provision whatsoever for Sarah Ives or her children because:

" (a) the words 'said sisters' in subparagraph (7) refer only to May M. Jackman previously mentioned in the will and to Faith Mix (a deceased spinster) pre-

viously mentioned in the will and cannot refer to Sarah
Ives who is nowhere mentioned in the will: (b) the
words 'said sisters' in subparagraph (8) can only
refer to Faith Mix and May Jackman for the same
reason; (c) the words 'the share of such deceased
sister or sisters' in subparagraph (8) to be conveyed
'among her descendants' leave nothing whatsoever t
the plaintiffs, descendants of Sarah Ives, because sh
was given no share of the trust; it was all given '
May M. Jackman by and under subparagraph (6); a
(d) these subparagraphs are purely substitutionary
nature, *i.e.,* their purpose was to prevent the laps
of the gift of the trust to May and its passing as in
state property; but, May being alive, these provisi
are now of no moment at the time of the renunciati

"Third; that, after the death of Sarah Ives, testa
revised and redrafted his former will . . . by co
pletely deleting the name of Sarah Ives, and givin
specific bequests of $2,000 to each of her children i
lieu of any participation in the trust; that the testator
through oversight included subparagraphs (7) and (8)
from his former will without changing 'sisters' to
'sister';

"Fourth, that the court wrongfully made an entire
new will for the testator by arbitrarily decreeing one-
half of the trust to plaintiffs; that if the court is to
disregard the specific and final provisions of subpara-
graph (6), and is going to give any effect to the word
'sisters' in subparagraphs (7) and (8), it cannot know
whether Sarah Ives and her descendants are to receive
one-half, one-third, or some other fraction of the trust
—Sarah is given no share by the will . . . ."

Plaintiffs' theory is that a proper construction of
the last will of the testator within its four corners and
especially of subpars. 6, 7 and 8 of par. VII thereof
entitled them as a class to one half of the trust estate.

It should be observed at the outset that, while plain-
tiffs were unsuccessful in having admitted as evidence

certain pages of the testator's former will because of their failure to properly identify same, the former will itself, which was incorporated as part of the amended complaint, may be examined for possible admissions or admissions against interest made therein by plaintiffs. It appeared upon the trial that when the testator brought his former will to his then attorney for redrafting subsequent to the death of his sister, Sarah Ives, the mother of plaintiffs, subpar. 6 of par. VII thereof was in the following form:

"(6) The entire net income from the trust estate commencing at the time of my death shall be paid to my wife, Florine Mix, in quarterly installments during her lifetime. Upon the death of my said wife, the surviving Trustee shall convey, transfer and assign said trust estate to my sisters, May M. Jackman ~~and Sarah Ives, share and share alike~~, and the trust hereby created shall thereupon cease and determine."

It will be noted that when he brought his former will to his attorney's office for redrafting the testator himself had deleted in subpar. 6 of par. VII thereof the last letter "s" from the word "sisters" and the words "and Sarah Ives, share and share alike." Subparagraphs 7 and 8 of par. VII of the former will were incorporated without change in the last will. The language of subpar. 8 "in the event that my sisters or either of them shall predecease my said wife, leaving issue surviving, the surviving Trustee shall convey, transfer and assign the share of such deceased sister or sisters in said trust estate among her descendants, per stirpes and not per capita" was entirely appropriate as a substitutionary clause to subpar. 6 of par. VII of the former will, which designated May M. Jackman and Sarah Ives as the beneficiaries of the trust under said former will. Under subpar. 6 of par. VII of the former will the testator clearly intended that his two sisters May M. Jackman and Sarah Ives should share equally in the trust estate after the death of his wife

and it is our opinion that he just as clearly intended under subpar. 6 of par. VII of his last will, which was executed after the death of Sarah Ives, that his sister May M. Jackman should be the sole beneficiary of the trust. We think that the provisions of subpars. 6, 7 and 8 of par. VII of the former will considered in connection with the same numbered subparagraphs of the last will are sufficient in themselves to constitute an admission on the part of plaintiffs that whatever seeming ambiguity exists in subpar. 8 of par. VII of the last will resulted from the testator's failure to change the language of the substitutionary clause contained in said subpar. 8 to conform with the complete disposition of the trust estate to May M. Jackman as made in subpar. 6 of par. VII of the last will.

We turn now to consider the last will and testament without reference to the former will. The construction of said will is limited to ascertaining the testator's intention as shown within its four corners. In the recent case of *Cahill v. Michael,* 381 Ill. 395 (advance report No. 4), the following general rules governing the construction of wills are set forth at pp. 400, 401:

"There are certain fundamental rules which govern the construction of wills. And at the outset we may say that cases upon the construction of wills do not have the controlling force of precedents that they do in other cases for the reason that the form of a will does not follow a common standard, such as do deeds, leases, contracts and other similar written documents, but is a writing found in a great variety of forms, and executed under circumstances peculiar to each individual case. *Walker v. Walker,* 283 Ill. 11; *Smith v. Garber,* 286 id. 67.

"In order to construe a will the court will examine the surrounding circumstances for the purpose of placing itself in the position of the testator as it existed when the will was made. (*Himmel v. Himmel,* 294 Ill. 557; *Quigley v. Quigley,* 370 id. 151; *LaRocque v.*

*Martin,* 344 id. 522; *Moffet v. Cash,* 346 id. 287; *Mc-Cormick v. Sanford,* 318 id. 544.) But if the language of the will is clear the court will not consider surrounding circumstances for the purpose of varying an intention clearly expressed. (*Tomlin v. Laws,* 301 Ill. 616; *Knight v. Knight,* 367 id. 646.) The intention of the testator - is to be ascertained from the will itself. (*Chapin v. State Treasurer,* 361 Ill. 645; *Levings v. Wood,* 339 id. 11.) And when the will is examined the court cannot begin by assuming a given intention upon the part of the testator. (*Pontius v. Conrad,* 317 Ill. 241; *Wickizer v. Whitney,* 364 id. 125; *LaRocque v. Martin, supra.*) The question always is, what is the meaning of the words used in the will? (*Dollander v. Dhaemers,* 297 Ill. 274; *Pontius v. Conrad, supra; Knight v. Knight, supra.*) And above and beyond these general rules, if the intention of the testator manifested in the form required by law is clear, the court will uphold it, even though a different result would be reached by rules of construction applying to specific provisions of the will. (*Brittain v. Farrington,* 318 Ill. 474; *Himmel v. Himmel, supra.*) Or, as we said in *Smith v. Shepard,* 370 Ill. 491, 'The intention of a testator manifested in his will is determined in two ways. One, by ascertaining his actual meaning from the words employed, to which all rules of construction give way, and the other, by finding his presumed intention gathered by the application of rules of construction applicable to all cases where the meaning is obscure, doubtful or uncertain.' "

As already shown plaintiffs sought construction of the following subpars. of par. VII of the will, which paragraph created the trust in question:

"(6) The entire net income from the trust estate commencing at the time of my death, shall be paid to my wife, Florine Mix, in quarterly installments during her lifetime. Upon the death of my said wife, the surviving Trustee shall convey, transfer and assign

said trust estate to my sister, May M. Jackman, and the trust hereby created shall thereupon cease and determine.

"(7) In the event that either of my said sisters shall have predeceased my said wife, leaving no issue, the surviving Trustee shall convey, transfer and assign said trust estate to my surviving sister, and the trust hereby created shall thereupon cease and determine.

"(8) In the event that my said sisters or either of them, shall predecease my said wife, leaving issue surviving, the surviving Trustee shall convey, transfer and assign the share of such deceased sister or sisters in said trust estate among her descendants, per stirpes and not per capita . . . ."

As heretofore stated Florine Mix, testator's widow, renounced the will during her lifetime and died during the pendency of this appeal. It must be conceded that by the use of the language in subpar. 6, "upon the death of my said wife, the surviving Trustee shall convey, transfer and assign said trust estate to my sister, May M. Jackman, and the trust hereby created shall thereupon cease and determine," the testator made May M. Jackman the sole beneficiary of the trust estate. No disposing words could be plainer or clearer to manifest his intention that his sister May M. Jackman and she alone was to receive said estate in its entirety. The specific naming of the beneficiary in a will, without more, excludes all other beneficiaries.

Since the foregoing subpar. 7 contains no provisions that are pertinent or that could possibly have any bearing on the construction of the will it is unnecessary to discuss same.

Plaintiffs claim in their amended complaint and claim here that the terms and provisions of subpar. 8 of par. VII of the will are ambiguous and that a proper construction of same warrants the conclusion that the testator intended by said subpar. 8 to modify subpar. 6

to the end that they as a class, being the surviving children of Sarah Ives, are entitled to receive one half of the trust estate. It is contended that the ambiguity calling for construction is presented by the use of the words which we have italicized below in subpar. 8:

"(8) In the event that *my said sisters or either of them,* shall predecease my said wife, leaving issue surviving, the surviving Trustee shall convey, transfer and assign *the share of such deceased sister or sisters in said trust estate among her descendants,* per stirpes and not per. capita . . . ."

While the provisions of subpar. 8 are inconsistent with the provisions of subpar. 6 of par. VII of the last will and might for that reason be said to be ambiguous, such inconsistency and apparent ambiguity are rendered unimportant and immaterial in ascertaining the testator's intention, since his intention is clearly manifested when the provisions of subpar. 8 are considered in the light of subpar. 6, which completely disposed of the trust estate by making May M. Jackman the sole beneficiary thereof, thus leaving no part or share of said estate for distribution to the children of Sarah Ives. The word "said" immediately before the word "sisters" in subpar. 8 cannot possibly refer to the testator's deceased sister Sarah Ives since she was not theretofore mentioned in any portion of the will. It might be added that Sarah Ives' name was not mentioned in the will at all. The only "share" plaintiffs could have in the trust created by the will would be the share of their ancestor and since their mother Sarah Ives was given no share of the trust estate under subpar. 6, they therefore were not entitled to receive any share. There was only one share in the trust and as already stated that was given to May M. Jackman under subpar. 6. This specific gift cannot be emasculated by implication. The italicized language in subpar. 8 was inaptly, inaccurately and inappropriately used therein but it surely cannot be said that

the use of such language could be held to modify the express, explicit bequest of the entire trust estate to May M. Jackman. Subparagraph 6 of par. VII of the will is controlling as to the testator's intention and, while subpar. 8 is in any event inoperative because Florine Mix, the testator's widow, not only renounced under the will but predeceased May M. Jackman, the only reasonable interpretation to be given subpar. 8 in view of the disposition of the trust estate by subpar. 6 is that it was purely intended as substitutionary and was designed to prevent the lapsing of the gift to May M. Jackman by giving the property to her descendants in the event that she predeceased the testator's wife. In *Cahill v. Michael, supra,* the Supreme Court said at pp. 405, 406:

"In construing a will the courts have not only stricken words from a will, but have inserted or transposed words in order to arrive at the true intention of the testator. In Jarman on Wills, 5th ed., vol. 2, page 53, after citing a number of illustrative cases, it is said: 'These cases also exemplify a rule . . . that where there is a clear gift in a will it cannot afterwards be cut down except by something which with reasonable certainty indicates the intention of the testator to cut it down.' To the same purpose *Tripp v. Krauth,* 340 Ill. 11, holds a later provision in a will will not cut down an earlier one unless it is as clear and unambiguous as the original provision. (*Jensen v. McMahon,* 324 Ill. 574; *Sweet v. Arnold,* 322 id. 597.) It follows a specific definite gift is not reduced or destroyed by an indefinite or uncertain provision, the meaning of which is conjectural.

"It is also said in Jarman on Wills, *supra,* 'It is clear that words and passages in a will, which are irreconcilable with the general context, may be rejected, whatever may be the local position which they occupy; for the rule which gives effect to the posterior of several inconsistent clauses must not be so applied as in

any degree to clash or interfere with the doctrine which teaches us to look for the intention of a testator in the general tenor of the instrument, and to sacrifice to the scheme of disposition so disclosed any incongruous words and phrases which have found a place therein.' "

We deem it unnecessary to discuss subpar. 9 of par. VII of the will since the relief sought in plaintiffs' amended complaint was not in anywise predicated on same and neither was it relied upon in the trial court as furnishing any basis for relief. Furthermore said subpar. 9 could not possibly aid in the proper construction of the will.

As heretofore shown the question of acceleration of the distribution of the trust estate is no longer in the case by reason of the death of Florine Mix, the testator's widow.

The only remaining question concerns the matter of attorneys' fees and expenses allowed the various parties to this cause. We have carefully examined the evidence in the record as to the nature and extent of the legal services rendered to the respective parties and the necessity for such services. We think that Clarence S. Haas, conservator of the estate of May M. Jackman, incompetent, her children, C. Houlton Jackman and Margaret Jackman Borland, the cotrustees of the testamentary trust in question and George W. Dammann, trustee for persons not in being, are entitled to the attorneys' fees and expenses allowed them by the decree and that such allowances are reasonable.

Appellants, however, strenuously insist that since this suit was filed by plaintiffs solely for the purpose of attempting to enforce a supposed interest of their own, they are not entitled to attorneys' fees or expenses. While the law is well settled in this State that when the construction of a will is not necessary, those who file a suit for construction to enforce a supposed interest of their own are not entitled to attorneys' fees

or expenses out of the estate if they are ultimately held not to have any interest (*Bartlett v. Mutual Ben. Life Ins. Co.*, 358 Ill. 452; *Brumsey v. Brumsey*, 351 Ill. 414; *Village of Hinsdale v. Chicago City Missionary Society*, 375 Ill. 220; *Waxenberg v. Brown*, 299 Ill. App. 225; *Moody Bible Institute of Chicago v. Pettibone*, 289 Ill. App. 69), the law is also well settled that when there is sufficient ambiguity in regard to the testator's intention as expressed in his will as to make it necessary to go into a court of chancery to get a construction of the will in order to determine which of two or more adverse claims to the same property is valid, the costs of the litigation should be borne by the fund or property in question even though the will is ultimately construed adversely to the contention of plaintiffs. In *Guerin v. Guerin*, 270 Ill. 239, the court said at pp. 250, 251:

"It is the settled law of this State that where a will is so ambiguous or uncertain as to require construction, the costs and expenses of the proceeding to construe, including reasonable fees for complainant's solicitors, should be taxed against and paid by the estate.

. "The case of *Ingraham v. Ingraham*, 169 Ill. 432, was one brought to construe a will, and, though the court below construed the will adversely to the contention of the complainant, an allowance was made as fees to the solicitor for complainant, and in passing upon that case this court said: 'In view of the ruling of this court in *Woman's Union Missionary Society v. Mead*, 131 Ill. 338, we do not regard the allowance of the fee as erroneous. The bill, as amended, asked for a construction of the fourteenth clause. There is sufficient ambiguity about the language of the testator to justify an application to a court of equity for a construction of the clause in question. It is a general rule that when the testator has expressed his intention

so ambiguously as to create a difficulty, which makes it necessary to go into a court of chancery to get a construction of the will and to remove the difficulty, the costs of litigation must be borne by the estate, and the general residue is the primary fund for the payment of such costs.' ''

(To the same effect are *Kendall v. Taylor,* 245 Ill. 617; *Board of Administration v. Stead,* 259 Ill. 194; *Dean v. Northern Trust Co.,* 266 Ill. 205; *McCormick v. Hall,* 337 Ill. 232; *Schneller v. Schneller,* 356 Ill. 89.)

While we have construed the will adversely to plaintiffs' contentions we think that there was sufficient ambiguity about the language of the testator to justify their application for construction.

Thus while plaintiffs are entitled to have their attorneys' fees and expenses in a reasonable amount paid out of the trust estate, we are of opinion that the allowance to them by the chancellor of $20,000 attorneys' fees was grossly excessive. In view of plaintiffs' admission that a large part of the legal services rendered to them by their attorneys was in connection with the second count of their complaint, which as heretofore shown was abandoned upon the trial of this 'cause, we think that under all the circumstances $5,000 is a reasonable allowance for plaintiffs' attorneys' fees. Plaintiffs are also entitled to receive the expenses allowed them by the trial court.

We are impelled to hold that under the last will and testament of Henry A. Mix, properly construed, plaintiffs, the children of Sarah Ives, are not entitled to receive any share of the trust estate in question and that the entire trust estate should be forthwith transferred, assigned and delivered by the surviving trustee to Clarence S. Haas, conservator of the estate of May M. Jackman, incompetent.

The questions raised by the appeal of the cotrustees, the cross-appeal of Dammann, trustee for persons not

in being, and the cross-appeals of plaintiffs, having been answered by what has already been said, it is unnecessary to discuss same.

For the reasons stated those portions of the decree of the circuit court of Cook county which allowed plaintiffs one half of the trust estate and $20,000 attorneys' fees are reversed, the decree is in all other respects affirmed and the cause is remanded with directions that a decree be entered in conformity with the views herein expressed.

*Decree affirmed in part, reversed in part and cause remanded with directions.*

FRIEND and SCANLAN, JJ., concur.